603 F.2d 805
 CA 79-3019 Elden Duane SHIRLEY, Jr., Bernard F. Ellis,
Ronald D. Barnette, Marvin O. Smith, Jerry Glen Miller,
Robert Earl Jackson, Gerald Pate, Lewis Altman, Frederick D.
Bray, Emmett Ray Daniels, Karl Dillar, Jr., Dewey L. Hurd,
Fred A. Jones, Marcus Jackson, Billy R. Langkeit, Billy E.
Manley, Jarvis Mitchell, John Wayne Parsons, Billy Roberts
and Paul Gene Crawford, Plaintiffs-Appellants,
v.
Charles C. CHESTNUT, Littleton Fowler, H. D. Binns, Jr.,
Lillian Russell and Robert Copeland, Individually and in
their capacities members of the Pardon& Parole Board of the
State of Oklahoma, and Governor David Boren, Individually
and in his capacity as Governor of the State of Oklahoma,
and Cynthia Myerson, Defendants-Appellees.
 No. 78-1524.
 United States Court of Appeals,
Tenth Circuit.
 Submitted July 23, 1979.
Decided Aug. 10, 1979.
 
 David C. Hood and Jim Ikard, of Courbois, Chew, Ikard & Hood, Mark S. Schwartz, Mary E. Bane, Oklahoma City, Okl., and Louis W. Bullock, Tulsa, Okl., for plaintiffs-appellants.
 Larry Derryberry, State's Atty. Gen., Joe H. Enos, and Harold B. McMillan, Asst. State's Attys. Gen., Oklahoma City, Okl., for defendants-appellees.
 Before SETH, Chief Judge, BARRETT and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants, inmates of various Oklahoma State Penal Institutions, filed an action in the United States District Court for the Western District of Oklahoma in which they sought declaratory and injunctive relief in connection with denial of parole release. Specifically, appellants sought a declaration that the Due Process Clause of the Fourteenth Amendment requires published criteria for parole release, access to adverse material in inmate files, right to subpoena witnesses at the hearing, and written reasons for the denial of parole.
 
 
 2
 In Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, --- U.S. ----, ----, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the United States Supreme Court rejected the claim that a reasonable entitlement to due process is created whenever a state provides for the possibility of parole. Instead, the Court looked to Nebraska law to determine whether a liberty interest protectible by due process had been created. The Supreme Court particularly noted that the Nebraska statutes provide that the Board of Parole "shall" release an inmate unless one of four designated reasons are found. In addition, fourteen statutory factors are required to be considered by the Board in reaching the parole decision. On this basis, the Supreme Court found that the Nebraska statutory scheme was sufficient to entitle an inmate to some measure of constitutional protection in connection with parole release.
 
 
 3
 Nonetheless, the Supreme Court stated in Greenholtz at ----, 99 S.Ct. at 2106:
 
 
 4
 "However, we emphasize that this statute has unique structure and language and thus whether any other state statute provides a protectible entitlement must be decided on a case-by-case basis."
 
 
 5
 Thus, in the present case, the Oklahoma statutes must be examined to determine whether a liberty interest has been created thereby. Basically, Oklahoma has a three-tier system for parole release. The Correctional Review Committee compiles the Pardon and Parole Board's monthly docket scheduling inmates for parole consideration. Pursuant to the Forgotten Man Act, 57 Okl.Stat.Ann. § 332.7 (1971), every inmate must be considered for parole on or before the expiration of one-third of his maximum sentence. In addition, any inmate serving 45 years or more, including a life sentence, shall be considered for parole or clemency after serving 15 years. See Rules of the Board, 57 Okl.Stat.Ann., Chap. 7, App. (Supp.1977).
 
 
 6
 An inmate may be placed on the docket for consideration of parole by recommendation of the Correctional Review Committee or by any member of the Board. Any inmate who is rejected for docketing is afforded the opportunity to appear in person before the CRC. All inmates considered and denied docketing by the CRC or by the Parole Board are to be reconsidered by the CRC no later than twelve months subsequent to their last review.
 
 
 7
 Pursuant to 57 Okl.Stat.Ann. § 332.2, § 354 (1971), the Board is authorized to examine into the merits of applications for parole and make recommendations to the Governor as, in its discretion, the public interest requires, said recommendations being advisory to the Governor and not binding. According to the Board rules, inmates are entitled to a hearing before the Board. The Board does not object to lawyers or any other person appearing personally before the Board and the inmate may present evidence in documentary form. 57 Okl.Stat.Ann., Chap. 7, App. (Supp.1977).
 
 
 8
 It is stipulated that there are no written criteria for parole release to guide the Parole Board members in their determinations. Chairman Chestnut stated in his deposition that the Board members use their own good judgment. Littleton Fowler, a member of the Board, mentioned education, prior record, family, the severity of the offense, rehabilitative efforts, and future plans as factors which he considers.
 
 
 9
 When the Pardon and Parole Board determines not to recommend parole, the inmate is notified by the Department of Corrections. No reasons are given for the denial of parole. Favorable recommendations for parole are forwarded to the Governor. 57 Okl.Stat.Ann. § 332 (1971) states that the Governor shall have the power to grant parole upon such conditions and restrictions as he may deem proper. This authority is limited to the extent that it can be exercised only after a recommendation for clemency by the Pardon and Parole Board. No personal interviews are granted. The Governor has no written criteria for parole release.
 
 
 10
 Thus, the critical distinctions between the Oklahoma statutory scheme and the Nebraska statutes are that the former do not declare that parole "shall" be granted unless certain conditions exist, and there are no written and formally established factors to be considered by the Parole Board or the Governor in evaluating parole applicants. The Board's only statutory guidance in the exercise of its discretion is that it act as the public interest requires, and the sole existing statutory criteria dictate only the time of parole consideration.
 
 
 11
 We have carefully considered the Oklahoma statutes and other information concerning parole procedures provided in the record. We hold that the Oklahoma statutory scheme outlined above does no more than create a parole system, which in the Supreme Court's view as expressed in Greenholtz does not establish a liberty interest. In the absence of such liberty interest, the specific due process procedures requested by the appellants are not applicable. Accordingly, the district court conclusion in the case is affirmed.
 
 
 12
 Also on appeal, appellants complain of the district court's failure to grant or deny certification as a class action. While this court has held that the district court should make class action determinations as early as circumstances permit, Horn v. Associated Wholesale Grocers, Inc., 555 F.2d 270 (10th Cir. 1977), it has also been held that in an appeal from a decision on the merits, the reviewing court should treat the case as one brought by the named plaintiff only and not as a class action, Roberts v. American Airlines Inc., 526 F.2d 757 (7th Cir. 1975), Cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195.
 
 
 13
 In addition, appellants complain about the protective order issued in favor of Governor Boren. However, such protective orders are within the discretion of the district court. Fed.R.Civ.P. 24(c); Galella v. Onassis,487 F.2d 986 (2nd Cir. 1973); General Dynamics Corp. v. Selb Manufacturing Company, 481 F.2d 1204 (8th Cir. 1973). While the Governor's deposition was not taken, the record does contain the Governor's answer to interrogatories propounded by the appellants.
 
 
 14
 Finally, appellants argue that the district court erred in failing to consider the case of Phillips v. Williams, 49 O.B.A.J. 723 (April 25, 1978), which was submitted to the court in appellants' motion to amend the judgment. As the analysis of Greenholtz demonstrates, state law must be examined in order to determine whether a liberty interest has been created. However, federal courts are not bound by state decisions in formulating federal standards as they would otherwise be under diversity jurisdiction. Martin v. Duffie, 463 F.2d 464, 468 (10th Cir. 1972).
 
 
 15
 Having thoroughly considered all the issues presented in this case, the order of the United States District Court for the Western District of Oklahoma is hereby affirmed.