**Samuel Gordon RUCKER, Plaintiff,**

v.

**Larry MEACHUM, Jim Hazeldine, Mack H. Alford, Mike Fairless, Dennis Cunningham et al., Defendants.**

No. CIV–80–671–D.

United States District Court, W. D. Oklahoma.

Aug. 21, 1980.

Samuel Gordon Rucker, pro se.

Jan Eric Cartwright, Atty. Gen. of Oklahoma by Janet L. Cox, Asst. Atty. Gen., Oklahoma City, Okl., for defendants.

OPINION AND ORDER

DAUGHERTY, Chief Judge.

Plaintiff, an inmate at the Stringtown Correctional Center, Stringtown, Oklahoma, brings this action pursuant to 42 U.S.C. § 1983, invoking the jurisdiction of this

court pursuant to 28 U.S.C. § 1343(3). In March 1977, plaintiff was convicted after trial by jury in the District Court of Oklahoma County, case number CRF–76–4499, of the offense of Escape From A State Penitentiary, in violation of 21 O.S.1971 § 443. Upon appeal to the Court of Criminal Appeals of the State of Oklahoma, the conviction was reversed and the case remanded for a new trial. Plaintiff had served five months and twenty-seven days of the two year sentence of imprisonment imposed upon him in that case. Petitioner was not retried and the case was subsequently dismissed.

In this action, plaintiff claims that the facts disclose "a concerted and systematic effort by defendants and their agents to deprive plaintiff of his constitutional rights of 'Due Process and Equal Protection Of The Law' which are secured by the Fifth and Fourteenth Amendments to the United States Constitution."

Plaintiff asserts that defendants have employed and continue to employ plaintiff's "void conviction" for classification purposes, denying plaintiff the opportunity to be assigned to a Community Treatment Center. He further asserts that there is a constitutionally protected liberty interest in the expectancy of qualifying for assignment to a Community Treatment Center and that he must be afforded certain elements of procedural due process before that protected liberty interest may be taken from him.

Respondents' answer to the effect that assignment of inmates within the prison system, whether between facilities, to work release programs, to any particular job position or to a Community Treatment Center, is an internal prison administration matter and that the same does not rise to constitutional proportions. They further assert that, in any event, there has been no arbitrary or capricious action in the denial to plaintiff of assignment to a Community Treatment Center.

It is clear from the correspondence and documents submitted by plaintiff that he is considered by Department of Corrections personnel to be a security risk. Further,

under the community treatment guidelines, OP–060203 (revised), effective January 29, 1980, one of the criteria which must be met is that the inmate is not considered an escape risk or an assaultive or sexually dangerous person.

■ This court has reviewed the community treatment guidelines and has concluded that they do not create a constitutionally protected liberty interest. Thus, plaintiff was not entitled to procedural protections which would have been required had such a liberty interest been created. In the recent case of *Shirley v. Chestnut*, 603 F.2d 805 (10th Cir. 1979), the Court of Appeals was required to determine whether a constitutionally protected liberty interest was created by the statutes of the State of Oklahoma providing for parole of prison inmates. The case was before the Court of Appeals on remand from the Supreme Court of the United States pursuant to *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), in which it was determined that the Nebraska parole statutes did create a constitutionally protected liberty interest. The Nebraska statutes in question *required* the parole of an inmate if certain criteria were met. In *Shirley, supra*, it was determined that the Oklahoma parole statutes merely *authorized* parole of an inmate in certain circumstances. It was therefore concluded that no liberty interest was created by the statutory scheme.

The provisions of OP–060203 make it clear that the criteria therein provided are not all-inclusive. Neither is transfer mandatory if the stated criteria are met. The provisions of paragraph 1A(3), for example, are as follows:

"The criteria listed below are considered minimal standards for program selection. Other factors may be considered by institutional or Departmental Committees in making a recommendation, as long as those additional factors do not reflect arbitrary or capricious action."

■ In *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) and

*Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), it was held that a prisoner is not entitled to a due process hearing prior to a transfer to another institution even though conditions in the second institution may be more disagreeable, where state law does not condition the right to transfer upon the occurrence of misconduct. When state officials possess the authority to make discretionary transfers the prisoner does not have a "liberty" interest in remaining in a particular institution and, therefore, he does not have the right to a due process hearing. Under 57 O.S.1979 Supp. § 510, state officials in Oklahoma clearly have the authority to transfer prisoners from one institution to the other. This court knows of no reason why a more stringent standard should be applied to a prisoner who desires a transfer to a more agreeable institution.

■ With regard to plaintiff's claim that defendants have no right to consider the subsequently dismissed escape charge, it is noted that in *Rusher v. Arnold*, 550 F.2d 896 (3rd Cir. 1977), the acquittal of a prisoner on criminal charges was held not to prevent prison officials from disciplining the prisoner for an infraction of prison rules, even though the indictment and the prison disciplinary action arose from the same incident. The court concluded that "the inability of the Government to meet its burden of persuasion in criminal cases is no bar to other noncriminal sanctions based upon a less stringent burden [of proof]." 550 F.2d at 899. Plaintiff herein was not acquitted on the escape charge. It was simply dismissed after his conviction was reversed and remanded for a new trial. The exercise of prosecutorial discretion in choosing not to retry plaintiff does not change the facts which gave rise to the filing of the charges in the first instance, or plaintiff's admissions with regard to those facts.

Moreover, decisions with regard to inmate transfers, as with decisions regarding parole release, do not lend themselves to inflexible standards. As the Supreme Court recently stated in *Greenholtz, supra* :

"The parole release decision ... is ... subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release ...." 442 U.S. at 9–10, 99 S.Ct. at 2105.

Strong similarities exist between administrative decisions required to be made with regard to parole and work release programs, and programs such as the Oklahoma Community Treatment Program. *See Durso v. Rowe*, 579 F.2d 1365 at 1371 (7th Cir. 1978).

In summary, Oklahoma correctional officials have every right, and in fact the duty, to consider past conduct, behavioral characteristics and attitudes in determining whether a particular inmate should be recommended for or transferred into the Community Treatment Program. They should not be prevented from considering past behavior merely because no final conviction of a criminal offense resulted from that behavior. There is no basis for plaintiff's assertion herein that defendants have been either arbitrary or capricious in their actions toward him with regard to his eligibility for transfer to a Community Treatment Center. In the absence of arbitrary or capricious action, or other infringements of inmate constitutional rights, also not present here, this court will not interfere in the internal affairs of state correctional institutions. "Federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the states." *Meachum v. Fano, supra.*

■ Plaintiff has been granted leave herein to proceed *in forma pauperis*. Even though such leave has been granted, it is entirely proper to dismiss an action at any time the court is satisfied that it is frivolous or malicious. *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972), *cert. denied* 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692. The test for determining frivolity is whether plaintiff can make any rational argument on the law or the facts to support his claim. *Mar-*

*tinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). This court is satisfied that, under this test, plaintiff's action is frivolous and should be dismissed.

IT IS SO ORDERED.