930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Ruby SCHOENFELD, Plaintiff-Appellant,
v.
AT & T COMMUNICATIONS OF THE MOUNTAIN STATES, INC.,
Defendant-Appellee.
 No. 89-1238.
 United States Court of Appeals, Tenth Circuit.
 April 3, 1991.
 
 Before LOGAN, SETH and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 Plaintiff-appellant Ruby Schoenfeld appeals from a judgment in favor of defendant-appellee AT & T of the Mountain States, Inc. (AT & T). Plaintiff sought recovery for discriminatory and retaliatory discharge pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 20003-2 and 3(a), respectively. Following a five-day trial, the district court concluded plaintiff's dismissal was not motivated by her gender or in retaliation for any protected conduct.
 
 
 2
 On appeal, plaintiff cites four errors by the district court warranting reversal: (1) dismissal of plaintiff's claim for disparate impact; (2) refusal to consider alleged procedural irregularities as evidence of pretext; (3) denial of plaintiff's motion to compel the identities of X and Y; and (4) issuance of an order to seal plaintiff's motion to reconsider. We affirm.
 
 
 3
 The district court properly dismissed plaintiff's disparate impact claim. We will set aside the district court's findings of fact only if they are clearly erroneous. Mohammed v. Callaway, 698 F.2d 395, 399 (10th Cir.1983). A prima facie case of employment discrimination is established by proving an employer's facially neutral practice has a significant disparate impact on members of the plaintiff's class. Griggs v. Duke Power Co., 401 U.S. 424, 429-30 (1971). At trial, plaintiff attempted to demonstrate AT & T's progressive discipline system, although facially neutral, results in more severe penalties for women. She now contends the evidence produced at trial, including the information contained in Exhibit 27, establishes a prima facie case of discrimination.
 
 
 4
 Exhibit 27 is part of a survey of 370 AT & T personnel files. Fifty-nine of these employees had documented disciplinary problems. Seventeen of these employees were female. Plaintiff only offered these statistics at trial; she did not offer to explain their significance. When properly authenticated, statistics are acceptable circumstantial evidence of discrimination. Parties offering such statistics, however, must demonstrate "that the disparity they complain of is the result of one or more of the employment practices that they are attacking...." Wards Cove Packing Co., Inc. v. Atonio, 490 U.S. 642, 109 S.Ct. 2115, 2125 (1989); see Watson v. Fort Worth Bank and Trust, 487 U.S. 977, 994-95 (1988). At trial, plaintiff made no effort whatsoever to satisfy this "specific causation" requirement. She merely handed the raw data to the court and expected the court to draw conclusions favorable to her claim. The district court did not err in concluding plaintiff had failed to make a prima facie showing of gender discrimination based on disparate impact. Plaintiff now attempts to prove causation to this court by explaining the significance of the numbers contained in Exhibit 27. We will not consider this evidence on appeal. See Nuff v. International Paper Co., 656 F.2d 553, 559 (10th Cir.1981).
 
 
 5
 The district court properly considered the evidence of alleged procedural irregularities in the inspection AT & T conducted before terminating plaintiff and determined they did not constitute evidence of pretext. We review this factual determination for clear error. Mohammed, 698 F.2d at 399. To rebut the employer's stated nondiscriminatory business reason for discharge, the plaintiff must prove this reason is only a pretext for discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973). In the present case, AT & T claims it terminated plaintiff because she was involved in a fight. Plaintiff argued this reason was pretextual because AT & T instructed the union representative not to speak during the investigatory interviews.
 
 
 6
 On appeal, plaintiff asserts the district court failed to consider this evidence of pretext. We disagree. The district court's ruling on this issue indicates the court considered plaintiff's evidence and determined it was insufficient to establish pretext. Moreover, plaintiff failed to show AT & T's instruction to the union representative violated any company practice, procedure, or agreement with the union. Even if AT & T's conduct did constitute a "procedural irregularity," this deviation from normal practice was not sufficiently serious to constitute evidence of pretext. See, e.g., Foster v. MCI Telecommunications Corp., 773 F.2d 1116, 1120 (10th Cir.1985); Mohammed, 698 F.2d at 401; Williams v. DeKalb County, 577 F.2d 248, 254-55 (5th Cir.1978).
 
 
 7
 The district court properly refused to grant plaintiff's motion to compel the discovery of the identities of X and Y. This ruling will be reversed only if it was an abuse of discretion. Centruion Indus., Inc. v. Warren Steurer & Assoc., 665 F.2d 323, 326 (10th Cir.1981). The court compelled AT & T to produce the notes of the investigation conducted by Eldean Thovson prior to plaintiff's termination. These documents contained the statements of two AT & T employees alleging the sale and use of drugs by other employees on company premises. Because of the sensitive nature of these statements, AT & T substituted the letters "X" and "Y" for the names of these two employees. The district court refused to compel AT & T to reveal the actual identities of these two employees because this information would be relevant only if plaintiff's drug use was raised at trial. This matter was in fact not discussed at trial.
 
 
 8
 Plaintiff contends she was entitled to discovery of this information because she believes the accusations of drug involvement influenced the investigation leading to her termination. However, plaintiff's cause of action against AT & T was based on discriminatory and retaliatory discharge. The question whether she was involved in drugs is irrelevant to the question whether she was terminated because of her gender or because she exercised her protected rights. Plaintiff did not assert a state law claim for wrongful termination. We cannot see how not knowing the identities of these two witnesses prevented plaintiff from proving her claims for discriminatory and retaliatory discharge.
 
 
 9
 Plaintiff asserts the individuals who made the statements concerning her drug use may have been motivated by gender bias. She claims that because AT & T may have relied on these statements in making the decision to terminate plaintiff, she may have in fact been terminated because of sex discrimination. Plaintiff claims she is therefore entitled to discover X and Y's identities to permit her to determine if their statements were motivated by gender bias.
 
 
 10
 The record, however, indicates AT & T did not rely on X and Y's statements in making its decision to terminate plaintiff. Even if X and Y's statements were motivated by gender bias, this would not prove plaintiff was a victim of sex discrimination because her termination was not related to these statements. See Keyes v. Lenoir Rhyne College, 552 F.2d 579, 581 (4th Cir.) (plaintiff in sex discrimination suit not entitled to discovery of confidential evaluations on which defendant did not rely in deciding to terminate plaintiff), cert. denied, 434 U.S. 904 (1977).
 
 
 11
 Finally, we conclude the district court's order sealing plaintiff's motion to reconsider was not an abuse of discretion. See Shirley v. Chestnut, 603 F.2d 805, 807 (10th Cir.1979). Early in this litigation, plaintiff and AT & T jointly moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(7), which was granted. Under this order, the parties were required to seal documents containing confidential information, including "trade secrets, confidential or privileged commercial, employment or financial information...." Plaintiff's motion to reconsider, which included quotations from AT & T documents marked confidential, was not filed under seal. These quotations involved employees' allegations concerning illegal use and sale of drugs on company property and the sexual habits of other employees. We agree with the district court that this information was entitled to protection under the protective order. Moreover, plaintiff has failed to demonstrate how she was prejudiced in any way by the order to seal the motion for reconsideration. We AFFIRM.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3