996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jorge M. HERRERA, Petitioner-Appellant.
v.
David WALTERS, Governor; Stephan Kaiser, Warden,
Respondents-Appellees.
 No. 93-6031.
 United States Court of Appeals, Tenth Circuit.
 June 25, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jorge Mario Herrera, appearing pro se, appeals from an order of the district court adopting the Report and Recommendation of the Magistrate Judge and denying his motion for a writ of habeas corpus filed pursuant to 28 U.S.C.A. § 2254. Finding Herrera's appeal frivolous and not taken in good faith, the district court denied Herrera leave to proceed in forma pauperis on appeal.
 
 
 3
 In order to succeed on his motion to proceed without prepayment of fees and costs, Herrera must show both the financial inability to pay the required filing fees and the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(d); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). We affirm the district court's denial of leave to proceed in forma pauperis. However, in order to reach the merits, we grant the petition for a certificate of probable cause.
 
 
 4
 Herrera, an inmate in the custody of the Oklahoma Department of Corrections, is incarcerated pursuant to a judgment and sentence rendered on May 28, 1987, under which he was sentenced to sixty (60) years imprisonment and fined five thousand dollars ($5,000) on two counts of distribution of a controlled dangerous substance. Herrera's conviction was affirmed on appeal. His application for post-conviction relief was denied.
 
 
 5
 In June, 1990, the Oklahoma Pardon and Parole Board denied Herrera parole. Herrera subsequently filed the instant federal habeas corpus petition challenging the Board's action. Within his petition, Herrera, while acknowledging that he was "not challenging ... the constitutionality of his State court conviction and sentence," (R., Petition For A Writ of Habeas Corpus, at 6), alleged that he was entitled to another hearing before the Board in which it does "not use the erroneous, false, and materially untrue information provided by a Parole Investigator and/or The Oklahoma County Police Department, and District Attorney's office." Id. Herrera requested "a New Parole Board Hearing, absence [sic] this erroneous information, or alternatively, issuance of the Writ discharging him from his currently illegal and unconstitutional confinement." Id.
 
 
 6
 In his Report and Recommendation, the Magistrate Judge found that: Herrera claims that he was denied parole based upon false information; the allegedly false information has been removed from Herrera's file; parole is a privilege and there is no constitutional or inherent right to parole; and, since Herrera "has no due process liberty interest in parole, and he states no other constitutional grounds for review, it is the recommendation of the undersigned Magistrate Judge that the petition be denied." (R., Report and Recommendation, at 3-4). The district court adopted the Magistrate Judge's Report and Recommendation and denied Herrera's petition for writ of habeas corpus.
 
 
 7
 On appeal, Herrera contends that the district court erred in denying his habeas corpus petition when, as here, respondents-appellees relied upon false information in his file to deny him parole. Herrera argues that the removal of the false information from his file did not cure or correct his defective parole hearing. In Shirley v. Chestnut, 603 F.2d 805 (10th Cir.1979), we held that access to parole files and other procedural rights are not constitutionally required under a parole statute, such as the Oklahoma statute governing here, which does not create a liberty interest.
 
 
 8
 We have reviewed the entire record. We AFFIRM the district court's order dismissing Herrera's habeas corpus petition substantially for the reasons set forth in the Magistrate Judge's Report and Recommendation, dated September 30, 1992, and the district court's Order, dated December 31, 1992, copies of which are attached hereto.
 
 
 9
 AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT FOR THE
 WESTERN DISTRICT OF OKLAHOMA
 Jorge Mario Herrera, Petitioner
 
 10
 vs.
 
 David Walters, et al., Respondents
 
 11
 CIV-92-942-R.
 
 REPORT AND RECOMMENDATION
 
 12
 Petitioner, a state prisoner appearing pro se and in forma pauperis, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking a new parole hearing. The Rule 5 response has been filed, and thus, the matter is at issue. The case has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and for the reasons stated herein, it is recommended that the petition be denied.
 
 
 13
 The Petitioner alleges that he is presently incarcerated pursuant to his conviction in the District Court of Oklahoma County of two counts of distribution of a controlled dangerous substance, for which he was sentenced to 60 years imprisonment. Case No. CRF-87-884. He claims that he was denied parole based upon false information, and thus, he contends that he is entitled to a new parole hearing.
 
 
 14
 The threshold question of federal review of a state prisoner's habeas corpus petition is whether an error is demonstrated to be of constitutional magnitude. In Pulley v. Harris, 465 U.S. 37 (1984), the Supreme Court reiterated that unless a constitutional violation occurs at trial, the claim is governed by state law and is not cognizable in federal habeas proceedings. Id. at 41. See also, Bond v. State of Oklahoma, 546 F.2d 1369, 1377 (10th Cir.1976); Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980) (state court errors must deprive petitioner of "fundamental rights" under the Constitution). Furthermore, as opposed to a state or federal direct appeal, "the standard that governs in a habeas proceeding is 'the narrow one of due process and not the broad exercise of supervisory power.' " Case v. Mondragon, 887 F.2d 1388, 1396 (10th Cir.1989), cert. denied, 494 S.Ct. 1035 (1990), citing Darden v. Wainwright, 477 U.S. 168 (1986) and Donnelly v. DeChristoforo, 416 U.S. 637 (1974).
 
 
 15
 "Parole is a privilege; there is no constitutional or inherent right to parole." Lustgarden v. Gunter, 966 F.2d 552 (10th Cir.1992), citing Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979). Thus, as the Respondents note, the Petitioner has not presented any grounds for relief based upon any constitutional principles. In Shirley v. Chestnut, 603 F.2d 805 (10th Cir.1979), the Tenth Circuit set out the controlling law that would appear to govern the instant case. The Court noted that the question of whether there is "some measure of constitutional protection in connection with parole release" is to be determined on a case by case basis, looking to the relevant state law to determine whether a liberty interest protected by due process has been created. Id. at 806, citing Greenholtz, 442 U.S. 1 (1979). In noting the difference between the Oklahoma and Nebraska statutes, the Court held:
 
 
 16
 Thus, the critical distinctions between the Oklahoma statutory scheme and the Nebraska statutes are that the former do not declare that parole "shall" be granted unless certain conditions exist, and there are no written and formally established factors to be considered by the Parole Board or the Governor in evaluating parole applicants. The Board's only statutory guidance in the exercise of its discretion is that it act as the public interest requires, and the sole existing statutory criteria dictate only the time of parole consideration.
 
 
 17
 We have carefully considered the Oklahoma statutes and other information concerning parole procedures provided in the record. We hold that the Oklahoma statutory scheme outlined above does no more than create a parole system, which in the Supreme Court's view as expressed in Greenholtz does not establish a liberty interest. In the absence of such liberty interest, the specific due process procedures requested by the appellants are not applicable.
 
 
 18
 Chestnut, 603 F.2d at 807.
 
 
 19
 The Oklahoma statutes in regard to parole have not changed since Chestnut, so as to engender the protections established in the Nebraska system in Greenholtz. Indeed, "no other state system which has been the subject of a circuit court opinion has been found to be enough like Nebraska's to establish a liberty interest [in parole release]." Candelaria v. Griffin, 641 F.2d 868, 869 (10th Cir.1981) (citing cases). See also, Dock v. Latimer, 729 F.2d 1287 (10th Cir.1984). Since the Petitioner has no due process liberty interest in parole,[1] and he states no other constitutional grounds for review, it is the recommendation of the undersigned Magistrate Judge that the petition be denied.
 
 RECOMMENDATION
 
 20
 Based upon the foregoing, it is the recommendation of the undersigned that the petition for habeas corpus relief be denied. The parties are advised of their right to object to this Report and Recommendation by October 15th, 1992, in accordance with 28 U.S.C. § 636 and Local Court Rule 39. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions. Moore v. United States of America, 950 F.2d 656 (10th Cir.1991).
 
 
 21
 ENTERED this 30th day of September 1992.
 
 
 22
 /s/Doyle W. Argo
 
 DOYLE W. ARGO
 UNITED STATES MAGISTRATE JUDGE
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Respondents have attached an order from the Oklahoma Court of Criminal Appeals, Case No. H-91-272, wherein that Court in denying Petitioner's writ of habeas corpus, found that the alleged false material in question has been removed from the Petitioner's parole files