**F I L E D**
**October 7, 2005**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALVIN PARKER,

      Petitioner-Appellant,

v.

MARTY SIRMONS, Warden,

      Respondent-Appellee.

No. 05-6124

(W.D. of Okla.)

(D.C. No. CV-04-1718-T)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges. **

---

Petitioner-Appellant Alvin Parker, a state prisoner appearing pro se, filed a petition for writ of habeas corpus in the United States District Court for the Western District of Oklahoma. Parker sought relief under 28 U.S.C. § 2254, which the court construed as a request for relief under 28 U.S.C. § 2241. Upon

---

\* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

the magistrate's recommendation, the district court denied the petition. The district court also denied Parker's request for a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1) (requiring a petitioner to obtain COA before appealing a district court's final order in a habeas corpus proceeding challenging state detention). Parker now seeks to obtain a COA from this court based on the same grounds that were denied by the district court. Because Parker has not made a substantial showing of the denial of a constitutional right, we deny a COA and dismiss the appeal.

## I. Background

Parker was tried in Oklahoma state court for the 1985 shooting death of an Oklahoma City police officer. After a retrial in 1990, Parker was convicted of second-degree murder after a former felony conviction. He was sentenced to 199 years imprisonment. He appealed, and the Oklahoma Court of Criminal Appeals affirmed his conviction in 1994.

In 2004, Parker petitioned for a writ of habeas corpus in federal district court based on his challenge to information considered by the Oklahoma Pardon and Parole Board in a parole hearing conducted on December 7, 2004. Parker alleged that, although the Board was not required to provide reasons for its decision and did not do so here, its decision to deny Parker's parole request was based solely on the fact that his victim was a police officer. In support of his

argument, Parker alleged (1) that he had completed nearly 20 years of continuous incarceration for his second-degree murder conviction while the average time to make parole for prisoners serving life sentences for first-degree murder in the Oklahoma prison system was twenty-three and a half years; (2) that he had an "outstanding" institutional work/misconduct record (only two misconduct reports for refusal to submit to substance abuse testing) and had been on the waiting list for parole consideration for several years; (3) that his family and friends had submitted letters offering him housing, support, and employment; and (4) that the facility's parole investigator had recommended that commutation be granted. Based on these alleged facts, Parker contends the Board must have considered the fact that his victim was a police officer and, further, it must have denied his request for parole solely on that basis.

Parker did not explain how his allegations, if true, would constitute a violation of a specific federal right. He simply claims that "[a]ll confidence in the outcome of petitioner's parole hearing is undermined by this simple observation." *See* Habeas Pet. at 6.

Reading the petition liberally, the magistrate judge construed Parker's allegations as due process claims. The magistrate judge issued a report and recommendation, which discussed in detail the standards for both procedural and substantive due process and determined that Parker did not present a cognizable

claim for relief under either theory. Parker timely filed objections to the report. The district court agreed with the magistrate that Parker had failed to show a basis for habeas relief and found Parker had provided no persuasive arguments in his objections. Accordingly, the district court issued an order denying Parker's habeas petition. Parker timely applied for a COA in the district court, which denied his application. Parker applied to this court for a COA. Accompanying his application was a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## II. Analysis

This court may issue a COA only if Parker "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Parker will not succeed unless he "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *United States v. Springfield*, 337 F.3d 1175, 1177 (10th Cir. 2003). In addressing this question, we may not engage in a "full consideration of the factual or legal bases adduced in support of the claims," but rather we are limited to conducting "an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). After conducting an overview of the claims raised, we

find the resolution by the magistrate judge, as adopted by the district court, to be undebatable.

Before reviewing Parker's claims and the decisions reached below, it should be noted that, although Parker styled his original petition for habeas corpus as a request for relief under 28 U.S.C. § 2254, both the magistrate and district court correctly construed it as a request for relief arising under § 2241. Section 2254 governs challenges to the validity of a conviction and sentence, whereas § 2241 governs challenges to the execution of the sentence. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). Here, Parker was challenging the denial of his request for parole, which clearly falls under the latter category. *See United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997). Construed liberally, Parker's petition alleged that the State of Oklahoma violated his Fourteenth Amendment rights to procedural and substantive due process.

## A. Procedural Due Process Claim

For the reasons stated by the court below, we find that Parker has not made a substantial showing of a denial of his right to procedural due process. First, the United States Supreme Court has declared that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Second, although a state may affirmatively create

a liberty interest by enacting mandatory statutes that limit the parole board's discretion, both the Tenth Circuit and the Oklahoma Supreme Court have made clear that Oklahoma has not done so. *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) ("[T]he Oklahoma statutory scheme . . . does no more than create a parole system, which in the Supreme Court's view as expressed in *Greenholtz* does not establish a liberty interest."); *Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999) ("[T]here is no protectible liberty interest in an Oklahoma parole. . . . No due process strictures can be applied to test the permissible parameters of the parole process."). Indeed, Parker concedes this fact in his present application for COA. *See* Pet'r. Applic. at 2. Finally, without a liberty interest in parole, there is no entitlement to due process protection. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998). Therefore, Parker's allegation that the Board considered the identity or status of his victim is insufficient, even if true, to present a cognizable constitutional claim.

## B. <u>Substantive Due Process Claim</u>

For reasons similar to those provided by the court below, we also find that Parker has failed to make a substantial showing of a violation of his substantive due process rights. Parker's claim, liberally construed from his habeas petition and expanded in his brief before this court, is that the Board based its decision to deny his parole request on an arbitrary or constitutionally impermissible reason.

While no Tenth Circuit published opinion has addressed a substantive due process challenge to the denial of parole of an Oklahoma inmate, the magistrate judge and district court below rejected Parker's claim based on two alternative reasons—each one sufficient alone to support the conclusion reached.

First, the majority of other circuits to address the question have found that the requirement of a state-created liberty interest is the threshold requirement for any due process claim—whether substantive or procedural. *See, e.g., Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997), *cert. denied*, 522 U.S. 995 (1997) ("[B]ecause Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."); *Jones v. Georgia State Bd. of Pardons & Paroles*, 59 F.3d 1145, 1150 (11th Cir. 1995) (rejecting a substantive due process claim because the inmate had no due process protected liberty interest in parole); *Bailey v. Gardebring*, 940 F.2d 1150, 1157 (8th Cir. 1991) (affirming the denial of a substantive due process claim because the inmate had no liberty interest in parole and no fundamental right to parole). Additionally, the Oklahoma Supreme Court has confirmed that Oklahoma has not created a liberty interest in parole for purposes of substantive due process. *See Shabazz*, 977 P.2d at 1093 (rejecting Oklahoma prisoner's substantive due process claim based on parole board's consideration of an improper letter from prosecuting attorney because "[t]he

parole function *neither* leads to *nor* may ripen into a liberty interest") (emphasis in original).

Parker argues that this reasoning of the magistrate judge, as adopted by the district court, constituted improper reliance upon non-binding decisions without looking at their reasons. We disagree. The discussion of Parker's substantive due process claim included the specific holdings of the other circuits, stating the reason for their denial of such claims—lack of liberty interest as required in the Supreme Court's *Greenholtz* decision. Further, that reason was discussed at length in the preceding analysis of Parker's procedural due process claim, and it was unnecessary to repeat it in full.

Moreover, this court need not ultimately decide here whether to follow the majority of other circuits on the question of whether a liberty interest is required for a prisoner to bring a substantive due process claim. The second reason for denying Parker's claim, which is dispositive in this case, is that Parker has failed to allege or show that he was denied parole for arbitrary or otherwise constitutionally impermissible reasons. The Oklahoma Supreme Court has declared that, in Oklahoma, the parole board is the "*sole judge of what materials may be considered in the decision-making process*." *See Shabazz*, 977 P.2d at 1094 (emphasis in original). Although Parker repeatedly refers to the "impermissible factor" that his victim was a police officer, this conclusory

characterization cites to no authority to show that the Constitution precludes its consideration in parole proceedings. Parker devotes one sentence to this problem at the end of the brief filed with this court. He contends that the fact does not bear a "rational relationship to an evaluation of petitioner's likelihood to adjust successfully to release status." *See* Pet'r. Br. at 16.b. We disagree.

For purposes of this inquiry, we may assume that Petitioner's allegation is true—that the Board based its decision to deny parole *solely* on the factor that his victim was a police officer and did not also consider other factors such as Parker's prison misconduct reports for refusal to submit to substance abuse testing. Even under that assumption, the fact that a prisoner was convicted of killing a police officer, as opposed to a civilian citizen, shows a lack of respect for authority and a unique danger to society that bears a rational relationship to his likelihood to adjust to society upon release. It is certainly not so beyond the realm of that consideration as to be declared "arbitrary." *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998) (emphasizing that the "touchstone of due process is protection of the individual against arbitrary action of government"—whether procedural, through denial of fundamental fairness, or substantive, through "the exercise of power without any reasonable justification in the service of a legitimate governmental objective") (internal citations and quotation marks omitted). Thus, absent any further showing that the

consideration of that fact was itself a violation of a fundamental right or implicated another constitutional provision, Parker's claim fails.

Parker has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and "jurists of reason" would not find the magistrate judge's conclusions or the district court's decision to adopt these conclusions debatable. Accordingly, we DENY COA and DISMISS the case. We GRANT Parker's motion to proceed in forma pauperis.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge