**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN PAIGE,

      Plaintiff-Appellant,

v.

THE OKLAHOMA DEPARTMENT
OF CORRECTIONS; and JUSTIN
JONES, Director,

      Defendants-Appellees.

No. 07-6101
(D.C. No. CIV-06-1057-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Stephen Paige appeals the dismissal of his claims under 42 U.S.C. § 1983

arising from his inability to access sexual offender therapy within the Oklahoma

prison system. Discerning no errors in the district court's disposition, we affirm.

\* \* \*

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1996, Mr. Paige pled guilty, pursuant to a plea agreement, to a variety of sexual offenses he committed in three different jurisdictions in Oklahoma. In Muskogee County, he was sentenced to 1) two twenty-year sentences; 2) a life sentence with all but the first twenty years suspended, to run concurrently with the twenty year sentences; and 3) enrollment in "intense sexual offender therapy" while in prison. In Sequoyah County, Mr. Paige was sentenced to two twenty-year sentences, to run concurrently both with each other and with the Muskogee County sentences. Finally, a court in Tulsa County sentenced Mr. Paige to life with the possibility of parole, to be served consecutively to his earlier sentences. On July 14, 2005, Mr. Paige completed his Muskogee and Sequoyah sentences, and was rebilled to begin serving his Tulsa life sentence.

Mr. Paige did not receive the sexual offender therapy discussed in his Muskogee sentence before being rebilled to serve his Tulsa life sentence. In April 2006, Mr. Paige sought access to such therapy but his request was denied on the basis that Mr. Paige failed to meet the Department of Corrections criterion that inmates admitted to sexual offender therapy be within 5000 days of discharging their sentences. The parties agree that, because Mr. Paige is serving a life sentence, he will never be within 5000 days of discharge, and thus never will be eligible for the therapy he seeks.

On September 27, 2006, pursuant to 42 U.S.C. § 1983, Mr. Paige filed a *pro se* complaint in the Western District of Oklahoma complaining that the State's

failure to provide him with sexual offender therapy violates both his plea agreement and Muskogee sentence. Specifically, the magistrate judge interpreted Mr. Paige's *pro se* complaint as alleging the following claims: 1) the deprivation of a constitutional right to sex offender treatment; 2) the deprivation of a constitutional right to parole or participation in the parole process; and 3) the violation of his plea bargain agreement. The defendants interposed a number of defenses, ranging from mootness to limitations, in a motion to dismiss or alternatively for summary judgment.[1]

The magistrate judge assigned the case recommended that summary judgment be granted for defendants on claims 1 and 2; and that claim 3 be dismissed without prejudice for failure to state a claim under *Heck v. Humphrey*, 512 U.S. 477 (1994). Mr. Paige timely objected to the recommendation. The district court reviewed and adopted the magistrate's recommendation. This appeal followed.

\* \* \*

We view the facts in the light most favorable to Mr. Paige, as the party opposing summary judgment. In light of his *pro se* status, we also construe Mr. Paige's complaint liberally. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Even with

---

[1] Defendant Justin Jones, Director of the Oklahoma Department of Corrections, also raised an 11th Amendment immunity defense, which the district court denied, a ruling which has not been appealed to us.

these standards fixed in mind, however, we are obliged to affirm for substantially the reasons offered by the magistrate judge and endorsed by the district court.

Specifically, with respect to claim 1, it is a settled matter that convicted persons do not have a constitutional right to rehabilitation. *See Battle v. Anderson*, 564 F.2d 388, 403 (10th Cir. 1977). Similarly, with respect to claim 2, although convicted persons can have a constitutionally protected liberty interest in parole, *see Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1 (1979), where parole is discretionary no such protected interest exists. And that is precisely the case with respect to parole under Oklahoma's statutory scheme. *See Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999); *see also Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979). Neither, contrary to Mr. Paige's assertion, does he have a protected property or liberty interest in accessing the parole process. As the Supreme Court has said, "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) (citation omitted). Because Mr. Paige has no protected interest in parole itself, he has no protected interest in access to the parole process.

Finally, Mr. Paige's third claim for relief is not cognizable under Section 1983 because judgment in his favor would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. As the district court noted, the

Supreme Court has held that "when the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand." *Mabry v. Johnson*, 467 U.S. 504, 509 (1984).  Mr. Paige's complaint expressly contends that his plea agreement, as referenced in his Muskogee sentence, contains an unfulfilled promise to provide him with sexual offender therapy.  Such unfulfilled promises go to the consensual nature of the plea agreement.  *See Mabry*, 467 U.S. at 509. By alleging that the government has failed to live up to the terms of the plea agreement, Mr. Paige, at bottom, contends that the agreement that induced his guilty plea misrepresented its consequences.  Such a misrepresentation goes directly to the lawfulness of his plea agreement and the ensuing conviction and sentence.  It thus may have properly been the basis for a petition for a writ of habeas corpus, but is not a proper basis for a Section 1983 claim.[2]

* * *

For the foregoing reasons, the judgment of the district court is affirmed. Because we agree with the district court that this appeal lacks a good faith basis, we deny leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT

---

[2]  Because we affirm on the bases noted above, we, like the district court, need not reach defendants' alternative mootness and limitations arguments for affirmance.

- 5 -

Neil M. Gorsuch
Circuit Judge