**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HAROLD DEAN HORNSBY,

Petitioner-Appellant,

v.

JUSTIN JONES, Director of D.O.C.;
EDWARD EVANS, Assistant Director
of D.O.C.; J.D. DANIELS, Assistant
Director of the Parole Board,

Respondents-Appellees.

No. 10-6064

(W.D. of Okla.)

(D.C. No. 5:09-CV-00418-R)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Harold Hornsby, an Oklahoma state prisoner proceeding pro se, appeals the

dismissal of his habeas petition. The petition complains of an allegedly improper

prison disciplinary conviction and poor prison conditions. The district court

construed Hornsby's petition as one filed pursuant to 28 U.S.C. § 2241, because

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

challenges to disciplinary convictions are generally treated as attacks on the execution of a prisoner's sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Prisoners bringing § 2241 claims must receive a certificate of appealability (COA) before their appeals may be heard in this court. *See id.* at 869.

The district court's assessment of Hornsby's constitutional claims is correct and beyond reasonable debate, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We therefore DENY Hornsby a COA and DISMISS his appeal.

## I. Background

At the time Hornsby filed his habeas petition, he was confined at the Oklahoma State Penitentiary (OSP). Hornsby does not challenge his initial conviction. But he contends two prison disciplinary convictions he received in August 2008 when he was confined at the Oklahoma State Reformatory (OSR) were illegal. Hornsby alleges that in January 2008, the Pardon and Parole Board (Parole Board) granted him a favorable parole recommendation with the requirement that he complete a cognitive behavior change program prior to parole. Hornsby completed the program in May 2008, but in August of that same year was charged with the offense of possessing the legal materials of another prisoner. A disciplinary hearing found him guilty and assessed him a $5.00 fine. Shortly thereafter, Hornsby was also charged and found guilty of using the mail to conduct illegal business.

As sanctions for the misconduct, Hornsby was assigned to the prison's disciplinary segregation unit for 20 days and was demoted to earned credit classification level 1. In September 2008, based on the misconduct and Hornsby's new classification, prison officials recommended Hornsby's custody level be increased to maximum security, where officials could more closely monitor his mail, phone, and other correspondence. Accordingly, prison officials transferred him to OSP near the end of September 2008. Approximately one month later, the Parole Board withdrew its parole recommendation.

Hornsby filed this habeas petition contesting the actions of the prison officials and the Parole Board.

## II. Discussion

When a state prisoner appeals the district court's denial of a § 2241 habeas petition, we have held a COA is necessary "whenever 'the detention complained of [in the petition] arises out of process issued by a State court.'" *Montez*, 208 F.3d at 867. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As part of that showing a petitioner must show "that reasonable jurists could debate whether" the district court should have "resolved [the petition] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (quotation marks omitted). In other words, the applicant must show the district court's resolution of the constitutional

-3-

claims were "debatable or wrong." *Id.* Because Hornsby is proceeding pro se, we will construe his petition liberally. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010).

Hornsby alleges three constitutional violations to support his habeas petition. For substantially the same reasons, we agree with the district court that he has failed to show the denial of a constitutional right.

*First*, Hornsby argues prison officials deprived him of due process during the disciplinary proceedings regarding his two August 2008 misconduct violations because there was no credible evidence to support findings of guilt. We agree with the district court that Hornsby's challenge to his disciplinary convictions fails to implicate a protected liberty interest and thus we need not address his due process arguments.

The Supreme Court long ago held that the "requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). Here, such an interest does not exist. The Supreme Court has held that while "States may under certain circumstances create liberty interests which are protected by the Due Process Clause. . . . [T]hese interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).

Hornsby's punishment was hardly atypical.  As a result of his disciplinary convictions, he received a total of 20 days of segregation, a reduction in credit level for 60 days, and two separate fines.  These do not rise to the level of disciplinary measures that "inevitably affect the duration of [Hornsby's] sentence." *Id.* at 487.  Further, inmates have no constitutionally protected interest in the opportunity to earn discretionary good time credits and thus have no interest in any particular credit classification level. *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006).  Finally, a sentence of 20 days in disciplinary segregation does not rise to the level of punishment that would invoke constitutional concern. *See Sandin*, 515 U.S. at 483–84 (holding thirty days in disciplinary segregation does not rise to the level of punishment invoking the Due Process Clause).

Because no liberty interest is implicated in Hornsby's discipline, his claim fails to allege the violation of any constitutional right.

*Second*, Hornsby claims prison officials violated his due process rights because they failed to give him notice and an opportunity to be heard prior to his placement in disciplinary segregation at OSR, his transfer to OSP, and the withdrawal of his Parole Board recommendation.  He also argues prison officials violated his due process rights because they failed to comply with internal prison regulations.  We disagree.

After Hornsby's convictions, the adjustment review committee at OSR assessed his security classification and used its discretion to place Hornsby at the maximum security level classification, resulting in his segregation and transfer. This also did not deprive him of a liberty interest because, as we have previously held, an adjustment review committee's decision to adjust a prisoner's classification level based on discretionary factors does not implicate a liberty interest. *See Cardoso v. Calbone*, 490 F.3d 1194, 1198 (10th Cir. 2007); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) ("Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison.").

Further, the Parole Board did not violate Hornsby's due process rights by failing to give him notice and an opportunity to be heard before withdrawing his parole recommendation. Both the Tenth Circuit and the Oklahoma Supreme Court have found that Oklahoma parole statutes do not create a liberty interest in early release. *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979); *Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999). Absent a liberty interest in parole, Hornsby is not entitled to due process protection. *Shirley*, 603 F.2d at 807.

Moreover, prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin*, 515 U.S. at 481–82. Thus, that prison officials failed to

-6-

comply with their own guidelines does not provide Hornsby with a due process claim.

Hornsby's *third* and final claim is that his confinement at OSP represents an atypical and significant hardship compared to ordinary confinement. His arguments fail, however, because prisoners who wish to challenge the conditions of their confinement, as opposed to its fact or duration, must do so through 42 U.S.C. § 1983, not through federal habeas proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997).

We thus agree with the district court's decision to dismiss Hornsby's confinement claims without prejudice.

## III. Conclusion

For the foregoing reasons, we DENY Hornsby a COA and DISMISS this appeal. We GRANT Hornsby's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge