**UNITED STATES COURT OF APPEALS**

December 30, 2019

**TENH CIRCUIT**

JOSEPH M. JACKSON,

      Petitioner - Appellant,

v.

JIMMY MARTIN,

      Respondent - Appellee.

No. 19-6132
(D.C. No. 5:19-CV-00589-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **CARSON**, **BALDOCK,** and **MURPHY**, Circuit Judges.

Joseph M. Jackson, an Oklahoma state prisoner proceeding *pro se*, seeks to appeal the district court's denial of his 28 U.S.C. § 2241 petition. The matter is before this court on his request for a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding § 2253(c)(1)(A) applies when a state habeas petitioner is proceeding under § 2241). Because Jackson has

not made a "substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. 28 U.S.C. § 2253(c)(2).

In his § 2241 petition, Jackson asserts the Oklahoma Pardon and Parole Board violated his due process rights when it denied his request for parole. Jackson applied for parole pursuant to Okla. Stat. tit. 57, § 332.21. As cogently explained by the magistrate judge in his Report and Recommendation ("R & R"),[1] Jackson does not fall within the parameters of § 332.21 because his underlying crime of conviction is first-degree murder. *See* Okla. Stat. tit. 57, §§ 332.21(A)(4), 571(2)(i). In any event, the magistrate judge correctly concluded that because Oklahoma's discretionary parole scheme does not establish a liberty interest, Jackson's § 2241 petition did not state a viable due process claim. *See Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979).

A COA may issue if Jackson "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or . . . the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). Jackson has

---

[1]Upon de novo review, the R & R was adopted by the district court. *See* 28 U.S.C. § 636(b)(1)(B).

failed to make the requisite showing.  The district court's denial of his § 2241 petition is indisputably correct.  Jackson does not fall within the parameters of § 332.21 and, more importantly, that state-law provision does not create a liberty interest necessary to support a due process claim.  Thus, this court **DENIES** Jackson's request for a COA and **DISMISSES** this appeal.  Furthermore, because Jackson has failed to advance a "reasoned, nonfrivolous argument on the law and facts," *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008), this court also **DENIES** his request to proceed on appeal *in forma pauperis*.  Jackson is, therefore, ordered to immediately remit any unpaid portion of the appellate filing fee in this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge