**Raymond Leon ARNOLD,
Petitioner–Appellant,**

v.

**R. Michael CODY; the Attorney General
of the State of Oklahoma,
Respondents–Appellees.**

**No. 91–7061.**

United States Court of Appeals,
Tenth Circuit.

Dec. 16, 1991.

Raymond Leon Arnold, pro se.

---

Susan Brimer Loving, Atty. Gen. of Okl., and Steven Spears Kerr, Asst. Atty. Gen., Oklahoma City, Okl. for respondents-appellees.

Before ANDERSON, BARRETT, and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner appeals from an Order of the district court denying his Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. On appeal, he argues that the 1989 amendments to the Oklahoma Prison Overcrowding Emergency Powers Act,[1] Okla.Stat. tit. 57, §§ 570–576, as applied to him violate the ex post facto clause of the United States Constitution. He maintains that the statutes prior to amendment, which provided him with emergency time credits, should apply to him. We agree and reverse the denial of habeas relief.

Prior to 1989, Petitioner was convicted after pleading guilty to child pornography [2] and sentenced to twenty years imprisonment. Thereafter, he filed an application for post-conviction relief, alleging that amended section 574 was an improper imposition of an ex post facto law. The Oklahoma Court of Criminal Appeals denied habeas relief, concluding that the amendment which modified the amount of emergency credits did not violate the ex post facto clause.

Petitioner then filed an application for habeas relief in the federal district court, challenging application of the amended emergency credit law as an ex post facto violation. Because the parole board failed to recommend him for parole, he contended that under the amendment he was no longer eligible to earn emergency credits. *Id.* § 574.1. In addition, he argued that section 574 was amended to decrease the amount of credits which could be earned. Upon referral, the magistrate judge determined that there was no ex post facto question raised. The district court adopted the magistrate judge's findings and recommendations as its opinion. Petitioner appealed.

■ Article I of the Constitution provides that the States shall not pass ex post facto laws. Art. I, § 9, cl. 3; Art. I, § 10, cl. 1. The ex post facto prohibition forbids the enactment of a law imposing additional punishment on that prescribed at the time the offense was committed. *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 963, 67 L.Ed.2d 17 (1981). In order for a law to be ex post facto, (1) it must be retrospective, applying to events occurring before enactment, and (2) it must disadvantage the prisoner. *Id.* at 29, 101 S.Ct. at 964. The law, however, need not impair a vested right. *Id.; see Devine v. New Mexico Dep't of Corrections*, 866 F.2d 339, 342 (10th Cir.1989) (certain retrospectively applied post-offense restrictions for supervised release are in violation of the ex post facto clause). "Thus, even if a statute merely alters penal provisions accorded by the grace of the legislature, it violates the Clause if it is both retrospective and more onerous than the law in effect on the date of the offense." *Ekstrand v. Oklahoma*, 791 P.2d 92, 94 (Okla.Crim.App.1990) (cit-

---

1. The Oklahoma Prison Overcrowding Emergency Powers Act grants credits to qualifying prisoners when the inmate population exceeds 95% of the capacity of the correctional system for thirty consecutive days, and the governor either declares a state of emergency or fails to declare a state of emergency within fifteen days of the Department of Corrections' request for a declaration. Okla.Stat. tit. 57 §§ 571–573. The 1989 amendment to the Act provides that if a prison-

er is denied parole, he cannot earn emergency credits. *Id.* § 574.1.

2. The district court incorrectly stated that Petitioner was convicted of sodomy, attempted sodomy, lewd molestation, and engaging a child in child pornography. The record on appeal shows that Petitioner was convicted of only the latter offense.

ing *Weaver*, 450 U.S. at 30, 101 S.Ct. at 965).

The Oklahoma Court of Criminal Appeals has addressed whether the emergency credits statute as amended in 1989 is an ex post facto law. *Barnes v. Oklahoma*, 791 P.2d 101 (Okla.Crim.App.1990). In holding that it is not an ex post facto law, the court reasoned as follows:

> Under the reasoning of *Weaver*, 57 O.S.Supp.1989 § 574 is barred as to Petitioner by the *ex post facto* prohibitions of the State and federal constitutions if it both alters the consequences attached to a crime already completed and disadvantages the Petitioner. We agree that the new "cap" law may disadvantage the petitioner, for it reduces by half the "cap" credits which the petitioner may earn in the event that the prison population reaches ninety-five per cent (95%) of capacity, the governor declares a state of emergency and the petitioner meets the criteria of Section 573. The determinative issue is whether Section 574 as amended alters the consequences attached to the crime Petitioner committed. Section 574 is designed to provide the state with an administrative option to alleviate overcrowding in the Oklahoma prison system. Its use is triggered exclusively by the size of the prison population. The size of the prison population cannot be seen to be a consequence attached to the crime Petitioner committed. Rather it is a consequence of the statewide interaction between the convictions and sentences imposed and the prison space available. Section 574 as amended can be imposed only on the basis of events which occur after it was enacted, that is when the prison population reaches ninety-five percent (95%) of capacity. *See* 57 O.S.1989 Supp., § 574. Having found that the effect of Section 574 as amended on the petitioner is not a consequence of the crime he committed, and that the law is only triggered by events which occur after its enactment, we conclude that it is not retrospective. Since it is not retrospective, its application to the petitioner does not violate the *ex post facto* prohibitions of the state and federal constitutions.

*Id.* at 103.

In this case, Respondents agree with Petitioner that he is disadvantaged by the amendment and cannot receive the same number of credits he once could. The parties disagree, however, as to whether the amendment is a retrospective application. Respondents argue, based on *Barnes*, that the law is prospective, attaching only to a future event of prison overcrowding. Petitioner counters that *Barnes* is contrary to *Ekstrand*, which held that a retrospective application of the earned credits statute violated ex post facto laws. Also, Petitioner argues that the amendment is retrospective, because it restricts the possibility of a shortened prison stay.

In accordance with Petitioner's arguments, we do not agree with the court's reasoning or conclusion in *Barnes*. Instead, we believe the reasoning and conclusion of *Ekstrand* should also apply to emergency credits cases such as this one.

In *Ekstrand*, the Oklahoma Court of Criminal Appeals addressed whether amended Okla.Stat. tit. 57, § 138 (1988) was an ex post facto law when its application to prisoners resulted in the computing of fewer earned credits than under the statute before amendment, thereby lengthening the prisoners' sentences. 791 P.2d at 93. In resolving the issue, the court initially considered whether amended section 138 applied to prisoners convicted of crimes committed before the November 1, 1988, effective date of amended section 138. *Id.* at 94. The court found that amended section 138 was retrospective, because it applied to all inmates from the effective date of the amendment. *Id.* Second, the court considered whether the amendment was disadvantageous to prisoners. *Id.* After comparing the potential for earning credits before and after amendment, the court concluded that the amendment was disadvantageous. The amendment added requirements and reduced the number of credits which could be earned. *Id.* at 94–95. Because the reduction lengthened the amount of time a prisoner must be incar-

cerated, the court determined the amendment made the punishment for the crime more onerous than before the amendment. *Id.* at 95. The court, therefore, found an ex post facto violation. *Id.* Accordingly, the court held that "inmates who are disadvantaged by the amended statute, shall be entitled to the credits allotted under the statute effective on the date their crime was committed." *Id.*

 We believe there is no difference between the earned credits statute in *Ekstrand* and the emergency credits statute at issue here. Thus, we conclude the reasoning in *Ekstrand* and not *Barnes* applies. As in *Ekstrand,* the amended statute is retrospectively applied to all prisoners regardless of when they committed their crimes. *See* Okla.Stat. tit. 57 § 574.1. Additionally, as the parties agree, the amended statute is disadvantageous. Section 574.1 has imposed an eligibility requirement, recommendation for parole, not imposed under the 1984 statute.

The purpose of the emergency credits statute is to permit earlier release to alleviate prison overcrowding. An emergency situation due to overcrowding as described in the statute cannot justify postponing a prisoner's release, which is the result caused by the amended statute in this case. By amending the emergency credits statute, the Oklahoma legislature made it more difficult for prisoners who have been denied parole to obtain release. In *Ekstrand,* such a disadvantage was set aside as an ex post facto violation. We conclude the situation with regard to emergency credits is the same.

Respondents fail to show any rational relationship between the amended emergency statute's purpose to correct an emergency situation and the result on certain prisoners, such as Petitioner, to keep them in prison longer. Because there is no compelling reason to deny Petitioner and others similarly situated emergency credits, we conclude that the district court erred in denying habeas corpus relief and in failing to hold that denial of emergency credits under the statutes prior to amendment is an ex post facto violation. Petitioner,

while not entitled to immediate release, is entitled to have emergency credits currently calculated in accordance with the statute in effect at the time the offense he was convicted of was committed. *See Wallace v. Cody,* 951 F.2d 1170 (10th Cir.1991).

Petitioner's Application for a Certificate of Probable Cause and Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees are GRANTED. The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED. The action is REMANDED to the district court with directions to enter an order directing Respondents to calculate Petitioner's emergency credits under the 1984 statute. *See Wallace,* 951 F.2d 1170. Petitioner's Motion for Leave to Supplement Record is DENIED, because the materials Petitioner seeks to include in the record are already included.