13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alfred BROOKS, Plaintiff-Appellant,
v.
OKLAHOMA PARDON AND PAROLE BOARD, Farrell Hatch, Defendants-Appellees.
 No. 93-6126.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1993.
 
 1
 Before ANDERSON and EBEL, Circuit Judges, and WINDER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Pro se plaintiff Alfred Brooks appeals the district court's dismissal of his civil rights complaint, filed pursuant to 42 U.S.C.1983. Plaintiff is a state prisoner in Oklahoma, serving one life sentence, plus two twenty-year sentences and a five-year sentence. Plaintiff received an initial parole hearing after he served fifteen years of his life sentence. The Oklahoma Pardon & Parole Board (Parole Board) denied parole and voted to reconsider plaintiff's parole eligibility in three years. Plaintiff complained that defendants, the Parole Board and Farrell Hatch, Parole Board Chairman, violated his rights to due process and equal protection by failing to conduct his initial parole consideration hearing after he served ten years of his life sentence, as allegedly required by state statute. Plaintiff also complained that defendants violated the due process and ex post facto provisions of the Constitution by failing to reconsider him for parole on an annual basis. Defendants moved to dismiss the complaint. A United States magistrate judge issued a report recommending dismissal of the complaint for failure to state a claim upon which relief can be granted. The district court adopted all findings and recommendations of the magistrate judge and dismissed the complaint. We exercise jurisdiction under 28 U.S.C. 1291 and affirm in part and reverse in part and remand for further proceedings.
 
 I. Initial Parole Hearing
 
 4
 On appeal, plaintiff challenges the district court's dismissal of the due process and equal protection claims premised upon the allegedly untimely initial parole hearing. Plaintiff contends that the Oklahoma parole statute, Okla. Stat. tit. 57, 332.7(B), required defendants to hold his initial parole hearing after he served ten years of his life sentence. The district court dismissed plaintiff's constitutional claims because it found no such statutory requirement. We review the district court's interpretation of state law de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991). Upon full review of the record and applicable statute, we agree with the district court. "[T]he plain language of [332.7(B) ] limits only the Parole Board's authority to recommend parole for certain habitual offenders until after the offender has served the lesser of one-third of his sentence or ten years." Findings and Recommendation of United States Magistrate Judge, R. 12 at 8. The statute does not require parole consideration in all cases after an inmate has served ten years. Plaintiff concedes that he was considered for and denied parole in September 1990, after he served fifteen years of his life sentence. The Parole Board was not statutorily required to consider plaintiff for parole sooner than it did. See Okla. Stat. tit. 57, 332.7(A)(requiring Parole Board to consider prisoner's eligibility for parole upon completion of one-third of the sentence).[2]
 
 II. Parole Reconsideration Hearings
 
 5
 When the Parole Board denied plaintiff parole in September 1990, it also voted to reconsider his parole eligibility in three years. Plaintiff alleged in his complaint that parole regulations in effect at the time of his offense required annual parole reconsideration hearings. He also alleged that defendants retrospectively applied a new parole regulation to delay his parole reconsideration hearing for two additional years. The district court, adopting the findings and conclusions of the magistrate judge, found that plaintiff failed to allege a due process or ex post facto violation.
 
 A. Due Process Claim
 
 6
 We affirm the district court's dismissal of the due process claim. As the district court noted, the Oklahoma statutes do not require the Parole Board to reconsider a prisoner's parole eligibility once parole has been denied. This court has examined the Oklahoma parole statutes and concluded that they do not create a liberty interest in parole. Shirley v. Chestnut, 603 F.2d 805, 807 (10th Cir.1979). "In the absence of such liberty interest, the specific due process procedures ... are not applicable." Id. Therefore, delay in receiving a parole reconsideration hearing does not give rise to a due process violation.
 
 B. Ex Post Facto Claim
 
 7
 Our review of the ex post facto claim is more difficult because the record does not contain copies of the relevant unpublished parole regulations.[3] Defendants filed a court-ordered Martinez report, see Martinez v. Aaron, 570 F.2d 317, 318-20 (10th Cir.1978), disputing plaintiff's description of the parole regulations in effect at the time of his offense (the "old regulations"). According to defendants' sworn description of the old regulations, inmates were given annual parole reconsideration hearings, but an exception to this rule allowed the Parole Board to vote not to reconsider a particular case for up to three years. Defendants explained in the Martinez report that the provision for this exception was amended in 1991 to allow the Board to vote to delay reconsideration of a particular case for up to five years. Defendants attached to their report a copy of parole regulations that became effective on August 8, 1991--nearly a full year after the Board voted to delay plaintiff's reconsideration hearing.
 
 
 8
 Along with the Martinez report, defendants filed a motion to dismiss the complaint. Defendants argued that no new regulations had been applied to plaintiff and that the old regulations allowed the Board to refuse to consider parole eligibility for three years, as it had in plaintiff's case. Defendants maintained, therefore, that a new regulation was not retrospectively applied, and even if it had been, plaintiff was not disadvantaged by the new rule because he received exactly what was provided for under the old rule. Defendants advanced two other theories in support of dismissing the ex post facto claim. They argued that the changes to the old regulations were merely procedural, and plaintiff lacks a liberty interest in parole.
 
 
 9
 In a sworn and verified response to the Martinez report and the motion to dismiss, plaintiff claimed that defendants inaccurately described the old regulations. Plaintiff disputed that the old regulations allowed the Board to delay parole reconsideration hearings for three years. Additionally, plaintiff pointed out that defendants failed to attach a copy of the old regulations to the Martinez report.
 
 
 10
 For purposes of resolving the ex post facto issue, the district court accepted plaintiff's description of the old regulations. The district court, therefore, presumed that the old regulations did not allow the Parole Board to wait three years between parole consideration hearings, and that when the Board voted to delay plaintiff's hearing, it retrospectively applied a new regulation. The court found, however, that retrospective application of the new regulation did not result in more onerous punishment. The court noted that the statutory parole law, which had not changed, lacks any requirement for reconsideration of parole. The court reasoned that plaintiff has no expectation of receiving parole reconsideration hearings and, therefore, "a change in the frequency with which the Parole Board considers Plaintiff's parole eligibility does not result in a more onerous punishment." R. 12 at 7. The court also characterized the Parole Board's new regulation as a "procedural change," id. at 8, that does not run afoul of the ex post facto clause.
 
 
 11
 A review of ex post facto principles facilitates our review of the district court's reasoning. The Constitution prohibits states from passing any ex post facto law. U.S. Const. art. I, 10, cl. 1. The prohibition is aimed at any law " 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.' " Weaver v. Graham, 450 U.S. 24, 28 (1981)(quoting Cummings v. Missouri, 71 U.S. 277, 325-26 (1866)). "[T]o fall within the ex post facto prohibition, two critical elements must be present: first, the law 'must be retrospective, that is, it must apply to events occurring before its enactment'; and second, 'it must disadvantage the offender affected by it.' " Miller v. Florida, 482 U.S. 423, 430 (1987)(quoting Weaver, 450 U.S. at 29). "[N]o ex post facto violation occurs if a change does not alter 'substantial personal rights,' but merely changes 'modes of procedure which do not affect matters of substance.' " Id. (quoting Dobbert v. Florida, 432 U.S. 282, 293 (1977)).
 
 
 12
 The district court concluded that plaintiff had not shown that he had been disadvantaged by the Parole Board's treatment, as required under the second element of the ex post facto test.[4] Essentially, the district court gave three reasons for dismissing the ex post facto claim: (1) plaintiff has no statutory right to parole reconsideration; (2) the parole regulations are not laws subject to the ex post facto clause; and (3) the change to the parole regulations was procedural, not substantive. We consider these reasons in turn.
 
 
 13
 The Supreme Court has clearly stated that "a law need not impair a 'vested right' to violate the ex post facto prohibition." Weaver, 450 U.S. at 29; Arnold v. Cody, 951 F.2d 280, 281 (10th Cir.1991). Therefore, the absence of a statutory right to a parole reconsideration hearing provides no basis for dismissal of the ex post facto claim. See Weaver, 450 U.S. at 30 ("The presence or absence of an affirmative enforceable right is not relevant ... to the ex post facto prohibition, which forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred."); see also Roller v. Cavanaugh, 984 F.2d 120, 122 (4th Cir.) ("The ex post facto clauses are a restriction on the power of government and operate without regard to the affirmative 'rights' of the individual."), cert. dismissed, 62 U.S.L.W. 4011 (U.S. Nov. 30, 1993)(No. 92-1510).
 
 
 14
 Next, we consider whether the regulations are "laws" subject to the ex post facto prohibition, an analysis that merges somewhat with the analysis of whether changes are procedural or substantive for ex post facto purposes. The ex post facto prohibition restricts "arbitrary and potentially vindictive legislation." Weaver, 450 U.S. at 29 (emphasis added). The regulations at issue were not enacted by the Oklahoma state legislature. We must determine whether they are, nonetheless, tantamount to legislation, and, thus, subject to the ex post facto prohibition. Although this court has not addressed the issue, other circuits have held that the ex post facto clause is implicated by changes to state administrative parole regulations. See Flemming v. Oregon Bd. of Parole, 998 F.2d 721 (9th Cir.1993); Akins v. Snow, 922 F.2d 1558 (11th Cir.), cert. denied, 111 S.Ct. 2915 (1991). Generally, however, courts have held that an administrative parole regulation, whether state or federal, does not constitute a law for ex post facto purposes if the regulation merely guides and directs the extensive discretion of the paroling authority. See Bailey v. Gardebring, 940 F.2d 1150, 1156-57 (8th Cir. 1991)(holding Minnesota parole regulations are not "laws" within meaning of Ex Post Facto Clause; the regulations are merely procedural aids for the parole commission's use when exercising its discretionary authority), cert. denied, 112 S.Ct. 1516 (1992); Devine v. New Mexico Dep't of Corrections, 866 F.2d 339, 343 n.7 (10th Cir.1989)(stating in dicta that "[t]he majority of Circuits (including the Tenth) have reasoned that where guidelines merely channel the discretion of the parole authority, the guidelines do not constitute ex post facto laws because they do not directly disadvantage particular defendants"); Francis v. Fox, 838 F.2d 1147, 1150 (11th Cir.1988)(holding that Alabama administrative regulation governing work release for prisoners is not a "law" within meaning of Ex Post Facto Clause; it is a policy rule that demonstrates how administrative discretion will likely be exercised); Wallace v. Christensen, 802 F.2d 1539, 1553-54 (9th Cir.1986)(holding that United States Parole Commission Guidelines are procedural guideposts, not subject to the Ex Post Facto Clause); Cf. United States v. Bell, 991 F.2d 1445, 1449-52 (8th Cir.1993)(holding that Ex Post Facto Clause applies to United States Sentencing Guidelines and rejecting argument that Guidelines merely guide and direct the discretion of the sentencing court); but see Flemming, 998 F.2d at 724-27 (limiting earlier Ninth Circuit case to context of federal parole guidelines and implying that the crucial issue in ex post facto challenges to changes in state parole regulations is whether the changed regulation reduces an inmate's opportunities for early release, "regardless if such opportunities are contingent on the exercise of official discretion").
 
 
 15
 Therefore, to determine whether the parole regulations are laws subject to the Ex Post Facto Clause, we consider whether the Oklahoma parole statute permits the Board to exercise extensive discretion and whether the regulations merely guide and channel the Board's discretion. Although it did not undertake such an analysis, the district court found that "[t]he Parole Board in this case has applied a procedural change in its rules promulgated under its authority to enforce the parole law that remains unchanged from the date of Plaintiff's offenses." R. 12 at 8. Our review of the Oklahoma parole statute shows that the Board is authorized to do far more than enforce the statute, however. The Board is required to "adopt policies and procedures governing parole consideration." Okla. Stat. tit. 57, 332.7(A). The statute lacks "mandated standards of inmate-parole-release eligibility [and] also those that would structure eligibility for mere consideration of parole release." Phillips v. Williams, 608 P.2d 1131, 1135 (Okla.), cert. denied, 449 U.S. 860 (1980). "The Board's only statutory guidance in the exercise of its discretion is that it act as the public interest requires...." Id.; Okla. Stat. tit. 57, 354. Clearly, the Board has broad discretion to adopt whatever regulations it deems appropriate.
 
 
 16
 Without looking to the regulations themselves, however, we cannot decide whether the parole regulations are laws for ex post facto purposes because we cannot determine whether the regulations at issue merely guide and direct the Parole Board's discretion. Cf. Miller, 482 U.S. at 435 (considering effect of particular set of guidelines and rejecting argument that guidelines "provide flexible 'guideposts' for use in the exercise of discretion"); Francis, 838 F.2d at 1150 (examining particular parole regulation to determine its status as a law or mere policy rule). The only regulations in the record are those enacted by the Parole Board nearly one year after it voted to delay plaintiff's parole reconsideration hearing. Those regulations may or may not resemble the regulations in effect when plaintiff committed his offense, or those in effect when the Board voted to delay plaintiff's reconsideration hearing. Plaintiff's brief description of the old regulations provides little guidance. Based on the inadequate record before us, we cannot determine whether the parole regulations are laws for ex post facto purposes.
 
 
 17
 Finally, we examine the district court's conclusion that the change in the frequency of parole reconsideration, from every year to every three years, is a procedural change. "Even though it may work to the disadvantage of a defendant, a procedural change is not ex post facto." Dobbert, 432 U.S. at 293.
 
 
 18
 Hence, no ex post facto violation occurs if the change is merely procedural and does "not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt." On the other hand, a change in the law that alters a substantial right can be ex post facto "even if the statute takes a seemingly procedural form."
 
 
 19
 Miller, 482 U.S. at 433 (citations omitted). The Fourth and Eleventh Circuits have held that the reduction in frequency of parole consideration is not merely a procedural change. Roller, 984 F.2d at 123-24 (change in parole reconsideration from every year to every two years "effectively 'revoked' [prisoner's] eligibility for an extra year following a denial."); Akins, 922 F.2d at 1562 (change from annual parole reconsideration to consideration every eight years rendered prisoner "ineligible for parole between two parole reconsideration hearings."). Based only on the scant record before use, we are not prepared to hold otherwise. This issue should be reexamined on remand in light of the relevant regulations.
 
 
 20
 We REVERSE the dismissal of the ex post facto claim and REMAND the claim for further development of the record. On remand, the district court should, if possible, obtain the parole regulations in effect at the time of plaintiff's offense, as well as the regulations in effect when the Board voted not to reconsider plaintiff's parole eligibility for three years. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in all other respects.
 
 
 
 **
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Plaintiff has not argued that fifteen years is more than one-third of his sentence
 
 
 [3]
 The parole regulations are not part of Oklahoma's parole statute. They have been adopted by the Parole Board pursuant to its statutory power to "adopt policies and procedures governing parole consideration." Okla. Stat. tit. 57, 332.7(A)
 
 
 [4]
 The first element of the ex post facto test is not at issue because the district court presumed that the Parole Board retrospectively applied a new parole regulation when it delayed plaintiff's reconsideration hearing for three years