62 F.3d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alfred BROOKS, Plaintiff-Appellant,
v.
OKLAHOMA PARDON AND PAROLE BOARD; Farrell Hatch,
Defendants-Appellees.
 No. 95-6007.
D.C. No. CIV-92-842-T.
 United States Court of Appeals, Tenth Circuit.
 Aug. 15, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 LOGAN, Circuit Judge.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Pro se plaintiff Alfred Brooks appeals the district court's dismissal of his 42 U.S.C.1983 civil rights complaint which was on remand from a panel of this court. Plaintiff is currently serving a life sentence plus two twenty-year sentences and one five-year sentence in Oklahoma state prison. The Oklahoma Pardon & Parole Board (Parole Board) denied him parole at his initial parole hearing, and voted to reconsider his parole eligibility in three years. Plaintiff asserted that at the time he committed the crimes for which he is now incarcerated, Oklahoma statutes and regulations provided for annual reconsideration of parole eligibility. He claimed that when defendants retrospectively applied a new parole regulation to delay his parole reconsideration hearing for two additional years they violated the constitutional prohibition against ex post facto laws. The district court found that plaintiff has not been disadvantaged by the Parole Board's treatment, and thus dismissed the ex post facto claim.
 
 
 3
 The panel reviewing the district court's original decision could not determine whether the parole regulations were laws subject to the Ex Post Facto Clause, or whether they were procedural to which that clause would not apply, because the regulations in effect at the time plaintiff committed his offense and at the time the Parole Board voted to delay the reconsideration hearing were not in the record. Brooks v. Oklahoma Pardon and Parole Board, 1993 WL 525749 (10th Cir.1993).[2] Thus, the panel reversed dismissal of the ex post facto claim and remanded "for further development of the record." 1993 WL 525749 at * 6.
 
 
 4
 On remand, the record was supplemented by the regulations in force in 1980, and revisions in 1981, 1984, and 1987. But the regulations in effect in 1974 when plaintiff committed the crimes were not produced. Instead, the government provided an affidavit of J.D. Daniels, Deputy Director of the Parole Board, concerning the policy and procedure for reconsideration of parole. That affidavit states that there was no procedure for annual reconsideration of parole until 1980. Prisoners were placed upon the Parole Board docket by an Institutional Correction Review Committee or by an individual Board member. I R. tab 29 ex. A. This contradicts the Martinez report (produced before the remand), which stated that at the time plaintiff was incarcerated the general rule was that "offenders who are denied parole are considered annually thereafter." Id. tab 10 at 2. Although plaintiff produced an affidavit of an inmate who asserted that "[u]nder Oklahoma Law up until 1980, any inmate could make application to any one parole board member and be placed on a docket without regard to any time limits," id. tab 34 (affidavit of Randall Ziegler), the district court accepted the Daniels affidavit as a correct description of the 1974 procedure.
 
 
 5
 We cannot find the district court's factual determination[3] clearly erroneous, particularly in light of case law supporting it. See Shirley v. Chestnut, 603 F.2d 805 (10th Cir.1979) (indicating that during general time frame at issue in the instant case, inmates could appear annually before Correctional Review Committee to request docketing for Parole Board hearing but had no right to actually be placed on the docket before the Pardon and Parole Board); Phillips v. Williams, 608 P.2d 1131, 1134 (Okla.1980) (same).
 
 
 6
 Plaintiff has failed to show that the regulations in effect at the time of his crime entitled him to an annual review of denial of parole. Therefore he cannot show that he is disadvantaged by retroactive application of new regulations that do not provide for any annual review. See Miller v. Florida, 482 U.S. 423 (1987). The district court properly dismissed his ex post facto claim.
 
 
 7
 AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The panel affirmed the district court's dismissal of plaintiff's claims that defendants violated his due process and equal protection rights when they failed to hold a parole hearing after he served ten years, and his assertion that defendants violated his due process rights when they did not reconsider his parole on an annual basis. Brooks v. Oklahoma Pardon and Parole Board, 1993 WL 525749 (10th Cir.1993)
 
 
 [3]
 This factual determination negates the district court's presumption in its first order that "the old regulations did not allow the Parole Board to wait three years between parole consideration hearings." 1993 WL 525749 at * 3. Because there was no annual review afforded at the time plaintiff committed his criminal acts, the fact that an annual review was adopted in 1980 and later changed to allow longer time between reviews is not relevant