**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 28 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACK LAUREN MARTIN,

      Plaintiff - Appellant,

v.

STATE OF OKLAHOMA; FRANK
KEATING; JAMES L. SAFFLE;
STEVE HARGETT,

      Defendants - Appellees.

No. 98-6211
(D.C. No. CIV-97-951-C)
(Western District of Oklahoma)

**ORDER AND JUDGMENT** [*]

Before **ANDERSON** , **McKAY** and **LUCERO** , Circuit Judges.

Jack Lauren Martin appeals the district court's rejection of his claims

concerning the conditions and duration of his confinement in the Oklahoma State

prison system. We affirm the dismissal of all claims. We adopt the reasoning of

the district court with respect to all claims other than Martin's assertion that

Oklahoma's emergency sentence reduction program violates the Constitution's

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

prohibition on ex post facto laws; we dismiss that claim for failure to exhaust state judicial and administrative remedies.

## I

Martin is serving a sentence pursuant to convictions on six counts of solicitation for murder in the first degree after conviction of a felony. See Okla. Stat. Ann. tit. 21, §§ 51, 701.16 (West 1983 and Supp. 1998). In June 1997, he filed a petition pursuant to 42 U.S.C. § 1983 challenging the conditions and duration of his confinement. Martin's claims are difficult to discern, but they appear to comprise several basic assertions. First, Martin argues that his inability to obtain sentence reduction credits under the Oklahoma Prison Overcrowding Emergency Powers Act, Okla. Stat. Ann. tit. 57, §§ 570-76 (West 1991 and Supp. 1998), violates his rights under the Equal Protection Clause. Second, he asserts that the Oklahoma statute constitutes an unconstitutional ex post facto law. Third, he argues that his Eighth Amendment rights have been violated by the crowded conditions of his confinement. Fourth, he contends that he has been deprived earned sentence reduction credits under the Oklahoma earned sentence reduction credit program, Okla Stat. Ann. tit. 57, §§ 138, 224 (West 1991 and Supp. 1998), in violation of the Constitution's provisions regarding equal protection and ex post facto laws.

## II

We consider first Martin's civil rights claims relating directly to the conditions of his confinement. Based on a review of the record and the reasoning set forth in the magistrate judge's report and recommendation, we conclude that the district court correctly dismissed, pursuant to 28 U.S.C. § 1915A, Martin's equal protection and Eighth Amendment claims. See Shifrin v. Fields, 39 F.3d 1112, 1113-14 (10th Cir. 1994) (upholding Oklahoma Prison Overcrowding Emergency Powers Act against directly analogous equal protection challenge and dismissing Eighth Amendment challenge to prison conditions for failure to allege "deliberate indifference" by officials and "'specific deprivation' of a 'human need'"). Contrary to Martin's allegations, § 1915A applies to "any person incarcerated or detained in any facility," not merely to federal prisoners. This provision empowers the court to review a complaint in any civil action in which a prisoner seeks redress from a governmental entity, and to dismiss any portion of the complaint that fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A. That is precisely what the district court did with respect to Martin's claims brought under 42 U.S.C. § 1983.

# III

The remainder of Martin's claims were properly construed by the district court as a habeas motion under 28 U.S.C. § 2254.     See Arnold v. Cody , 951 F.2d 280, 281 (10th  Cir. 1991).  Because Martin filed this motion in June 1997, he may not appeal its denial unless he obtains a certificate of appealabiity.     See 28 U.S.C. § 2253(c).  We grant Martin a certificate of appealability, and we dismiss his claims.

Martin asserts that he is entitled to sentence reduction credits under the "Emergency Prison Overcrowding Act of 1983"     despite his status as a violent offender. [1]  With respect to this claim, Martin has failed to exhaust administrative and judicial state remedies.    The district court decided this claim on the merits pursuant to 28 U.S.C. § 2254(b)(2).  Given appellant's failure to exhaust, however, we see no reason to reach the merits of this claim.     See 28 U.S.C. § 2254(b)(1).

Martin wrongly asserts that he has been improperly denied earned credits under Oklahoma's earned sentence reduction credit program, Okla. Stat. Ann. tit. 57, §§ 138, 224.  As the magistrate judge noted, although initial amendments to Oklahoma's statute were found to be ex post facto laws,     see Ekstrand v. State ,

---

[1]  Appellant has offered no authority indicating that there was any "Emergency Prison Overcrowding Act of 1983."     See Okla. Stat. tit. 57, §§ 570-576 (Supp.1984) (added by 1984 Okla. Sess. Laws).

791 P.2d 92 (Okla. Crim. App. 1990), Oklahoma has since corrected these constitutional infirmities by allowing inmates convicted before 1988 to earn credits under the program that affords them the most credit,   see Turham v. Carr , No. 94-5014, slip op., 1994 WL 413243, at *2 (10th Cir., Aug. 5, 1994) (finding revised Oklahoma credit system not to violate prohibition on ex post facto laws). Appellant offers no arguments to refute the district court's conclusion that he has not been disadvantaged by application of the amended earned credit statute.

Martin also asserts that both the district court and the magistrate judge were biased against him. Upon review of the record and the findings of the magistrate and district court judges, we conclude that this argument lacks foundation and merit.

Finally, Martin asserts that the district court improperly referred this case to the magistrate judge for a report and recommendation. The right to a jury trial does not apply to applications for habeas corpus nor for prisoner relief under 42 U.S.C. § 1983, and referral of these matters to a magistrate judge is proper within the terms of 28 U.S.C. § 636(b)(1). [2]

AFFIRMED.

The mandate shall issue forthwith.

---

[2] Insofar as Martin raises additional issues on appeal that were not raised in the district court, those issues are not properly before us.   See Lyons v. Jefferson Bank & Trust , 994 F.2d 716, 721 (10th Cir. 1993).

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge