**James H. TRACY, Plaintiff–Appellant,**

**v.**

**Frank KEATING, Governor of Oklahoma; James L. Saffle; Oklahoma Pardon and Parole Board; Robert H. Macy, Oklahoma County District Attorney; Tim Kuykendall, Cleveland County District Attorney, Defendants–Appellees.**

No. 01–6057.

United States Court of Appeals, Tenth Circuit.

June 6, 2002.

Before EBEL, HOLLOWAY, and MURPHY, Circuit Judges.

## ORDER AND JUDGMENT *

HOLLOWAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant James H. Tracy, an Oklahoma state prisoner proceeding pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 claims for damages, and declaratory and injunctive relief against the Governor of Oklahoma, the director of the Oklahoma Department of Corrections, the Oklahoma Pardon and Parole Board, and the district attorneys of

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Cleveland and Oklahoma counties for alleged civil-rights violations.[1] We affirm.

The district court conducted a thorough analysis of each of Mr. Tracy's claims, beginning with his claims of entitlement to emergency credits under the Oklahoma Prison Overcrowding Emergency Powers Act, Okla. Stat. tit. 57, §§ 570, 572–576 (*repealed by* 2001 Okla. Sess. Laws 437, § 33). As this court has previously explained, that act

> grant[ed] credits to qualifying prisoners when the inmate population exceeds 95% of the capacity of the correctional system for thirty consecutive days, and the governor either declares a state of emergency or fails to declare a state of emergency within fifteen days of the Department of Corrections' request for a declaration.

*Arnold v. Cody*, 951 F.2d 280, 281 n. 1 (10th Cir.1991). By order of November 23, 1998, the Governor declared that the overcrowding emergency was over, and thus inmates no longer accumulated emergency credits.

■ Mr. Tracy challenged the constitutionality of the Governor's order as it affected his sentence. He asserted that defendants unfairly brought the prison population below maximum capacity by granting mass commutations of other inmates' sentences, in violation of his due process rights, and also by adding private-prison bed space into the calculation of total prison capacity, thereby committing an ex post facto violation. The district court concluded that Mr. Tracy had no liberty interest in the emergency credits, *see Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir.1994) (determining that an inmate has no constitutionally protected liberty interest in shortening his sentence through emergency time credits), and that the inclusion of private-prison bed space in the capacity calculation does not violate the Ex Post Facto Clause, *see Smith v. Scott*, 223 F.3d 1191, 1195 (10th Cir.2000) (repeating the rule that "[w]hen the current interpretation of a statute is foreseeable, there can be no Ex Post Facto Clause violation") (quotation omitted). Therefore, Mr. Tracy's two emergency-credit claims failed to state a claim upon which relief can be granted.[2]

■ Mr. Tracy's next claim attacked changes in the prison classification system as unconstitutional. The district court determined that the changes affected only ordinary incidents of prison life and, accordingly, did not implicate the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *see also Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir.1994). Additionally, to the extent that the claim raised an ex post facto challenge, the current policy was foreseeable under the guidelines set by the legislature. *See Smith*, 223 F.3d at 1195.

■ In his third set of claims, Mr. Tracy alleged that the district-attorney defendants tainted the parole process by pro-

---

1. The defendants' dismissal motions were referred to a magistrate judge for a recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The magistrate judge recommended that the motions be granted. The district court judge subsequently agreed with all key portions of the magistrate judge's recommendation and entered judgment against Mr. Tracy.

2. We note that Mr. Tracy also brought a habeas petition alleging that the cessation of his emergency credits violated his ex post facto rights. The district court dismissed the claim, and this court affirmed on the grounds that the habeas petition was untimely. *See Tracy v. Addison*, No. 00–6452, 2001 WL 901142 (10th Cir. Aug.10, 2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1617, 152 L.Ed.2d 630 (2002).

testing his parole application, in violation of his due process rights. For purposes of evaluating the dismissal motion, the district court assumed that the district attorneys actually protested the granting of parole. Nevertheless, the court determined that Mr. Tracy had not alleged an actionable due process claim because Oklahoma's constitution does not create a liberty interest in obtaining parole. *See Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir.1979); *Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla.1999).

▮ Finally, Mr. Tracy claimed that he was forced to work while incarcerated, in violation of the constitutional proscription against involuntary servitude. As the district court concluded, by its express language, the Thirteenth Amendment's prohibition of slavery does not apply to the imprisonment of a person lawfully convicted of a crime. *See* U.S. Const. amend. XIII; *United States v. Reynolds*, 235 U.S. 133, 149, 35 S.Ct. 86, 59 L.Ed. 162 (1914) ("There can be no doubt that the state has the authority to impose involuntary servitude as a punishment for crime.").

In sum, the district court dismissed all of the claims discussed above for failure to state a claim upon which relief may be granted.[3] Additionally, it dismissed the claims against the Oklahoma Pardon and Parole Board and claims for money damages against the Governor, the director of corrections, and the district attorneys in their official capacities on the basis of Eleventh Amendment immunity. The dismissal was to count as a strike against plaintiff pursuant to 28 U.S.C. § 1915(g).

On appeal, we review the dismissal of Mr. Tracy's § 1983 claims de novo, "bearing in mind that all well-pleaded allega-

tions in the ... complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir.2001) (reviewing dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) (quotation omitted); *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1259 (10th Cir.2002) (reviewing dismissal based on Eleventh Amendment sovereign immunity). After a careful review of the record, we conclude the district court properly disposed of Plaintiff Tracy's claims. We AFFIRM for substantially the same reasons stated in the magistrate judge's Report and Recommendation of January 25, 2001, thus affirming the dispositions of Plaintiff Tracy's claims as provided in the district court's Order of February 13, 2001. Mr. Tracy's motion for default judgment and his request for appointment of counsel are DENIED.

---

**3.** Initially, Mr. Tracy also requested damages for exposure to asbestos during his incarceration. The district court granted his motion for dismissal of this count without prejudice under Fed.R.Civ.P. 41(a)(2).