FILED
United States Court of Appeals
Tenth Circuit

November 28, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOSEPH M. JACKSON,

Petitioner-Appellant,

v.

JANE STANDIFIRD, Warden,

Respondent-Appellee.

Nos. 12-5089, 12-5100 & 12-5110
(D.C. No. 4:11-CV-00507-GKF-FHM)
(N.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER AND JUDGMENT[*]

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

This case involves three pro se appeals that we consolidate for procedural

purposes only. In case numbers 12-5089 and 12-5100, Joseph M. Jackson, an

Oklahoma state prisoner, seeks a certificate of appealability (COA) to appeal the

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

        Case numbers 12-5089 and 12-5100 are being addressed in the order denying a
certificate of appealability. Case number 12-5110 is being addressed in the order and
judgment. The court is disposing of all three appeals—which contain intertwined and
overlapping issues—in a single decision for judicial efficiency.

district court's dismissal of his 28 U.S.C. § 2241 habeas petition and denial of his Fed. R. Civ. P. 59(e) motion to alter or amend the district court's habeas judgment. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (holding that a state prisoner must obtain a COA to appeal the denial of a § 2241 habeas petition); *Dulworth v. Jones*, 496 F.3d 1133, 1136 (10th Cir. 2007) (holding that "all appeals from final orders in habeas cases, of whatever type, should be required to meet the COA standard to proceed"). In case number 12-5110, Mr. Jackson appeals the district court's denial of his post-judgment motion for bail pending adjudication of his application for a COA. We deny Mr. Jackson's request for a COA, dismiss case numbers 12-5089 and 12-5100, and dismiss case number 12-5110 as moot.

## BACKGROUND

Mr. Jackson is serving a life sentence for first-degree murder and a concurrent five-year sentence for conspiracy to commit murder. He was convicted in 1983 and has been denied parole five times—in 1999, 2002, 2005, 2008, and 2011. After exhausting state court remedies, Mr. Jackson filed a § 2241 petition, arguing that he has been denied parole in violation of his constitutional rights to due process and equal protection. He asserted (1) the parole board's action was an abuse of discretion, infringing upon his due process right to be free from arbitrary government action; (2) the Oklahoma legislature's use of the word "may" in the statute governing parole, Okla. Stat. tit. 57, § 365, is synonymous with "shall" or "must," resulting in

- 2 -

the creation of a protectable liberty interest; and (3) he was denied parole in violation of the equal protection clause.[1]

The district court denied § 2241 relief on the merits, and it denied a COA. Mr. Jackson filed a Rule 59(e) motion to alter or amend judgment, which the district court denied. He then filed a post-judgment motion for bail pending appeal, which the district court also denied. Mr. Jackson challenges all three decisions.

**CASE NUMBERS 12-5089 & 12-5100**

Mr. Jackson seeks a COA to appeal the denial of § 2241 and Rule 59(e) relief, restating—often, verbatim—the arguments he made in the district court. To receive a COA, Mr. Jackson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make that showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

---

[1] Mr. Jackson raised arguments one and three in the brief accompanying his original § 2241 petition. He raised argument two in the brief accompanying his amended motion to amend his § 2241 petition, which motion the district court granted.

- 3 -

wrong." *Id.* In evaluating whether Mr. Jackson has carried his burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). We review legal issues de novo and the district court's factual findings for clear error. *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008).

We liberally construe Mr. Jackson's pro se filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But as detailed below, Mr. Jackson fails to demonstrate that he is entitled to a COA.

### *Due Process*

Mr. Jackson continues to assert that the parole board's action was an abuse of discretion, contravening his due process right to be free from arbitrary government action. On this point, the district court concluded that Mr. Jackson does not have a liberty interest in parole and that as a result, he cannot make a claim for a denial of procedural or substantive due process. We agree. *See Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999) ("[T]here is no protectible liberty interest in an Oklahoma parole."); *see also Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) ("[T]he Oklahoma statutory scheme . . . does no more than create a parole system, which in the Supreme Court's view . . . does not establish a liberty interest."); *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) ("To make out a due process claim, appellant must assert the infringement of a protected liberty interest.").

The district court then rejected Mr. Jackson's various complaints that the parole board acted arbitrarily and impermissibly by erroneously omitting an explanation for its 2011 parole denial, by treating him differently than similarly situated inmates, and by sentencing him a second time. The district court's analysis, that Mr. Jackson failed to demonstrate he was denied parole for an arbitrary or unconstitutional reason, is also sound:

> In Oklahoma, "there are no written criteria for parole release to guide the Parole Board members in their determinations." *Shirley*, 603 F.2d at 807. "The Board's only statutory guidance in the exercise of its discretion is that it act as the public interest requires, and the sole existing statutory criteria dictate only the time of parole consideration." *Id.* In addition, the Board does not give reasons for denial of parole. *Id.*; *see also Phillips v. Williams*, 608 P.2d 1131, 1135 (Okla. 1980).

*Jackson v. Standifird*, No. 11-CV-507-GKF-FHM, 2012 WL 1582247, at *3 (N.D. Okla. May 4, 2012) (unpublished).

Mr. Jackson also submits, as he did in the district court, that the Oklahoma legislature's use of the word "may" in Okla. Stat. tit. 57, § 365, means "shall" or "must," resulting in the creation of a constitutionally cognizable liberty interest, the threshold requirement for alleging "an unconstitutional deprivation of that interest," *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1199 (10th Cir. 2010).[2] Like the district court, we hold this argument meritless. *See, e.g.*, *MLC Mortg. Corp. v. Sun Am.*

---

[2] Section 365 provides that Oklahoma prisoners who meet certain stated guidelines "may be considered by the Pardon and Parole Board for a specialized parole . . . ." Okla. Stat. tit. 57, § 365.A.

*Mortg. Co.*, 212 P.3d 1199, 1204 n.17 (Okla. 2009) ("The term 'may' is ordinarily construed as permissive while 'shall' is commonly considered to be mandatory.").

### Equal Protection

Next Mr. Jackson, who is black and was convicted of murdering someone who was white, repeats his claim that parole authorities treated him differently than inmates convicted of murder whose victims were not white. He states that he has served 28 years in prison for first-degree murder and asserts that other inmates convicted of first-degree murder have obtained parole in 22 ½ years. The district court concluded that Mr. Jackson's claim, "even if true, provide[d] no factual support for the legal basis of an equal protection claim, i.e., that any difference in treatment is not related to a legitimate penological purpose but is, instead, the result of unlawful discrimination." *Jackson*, 2012 WL 1582247, at *3. Here too, we agree with the district court's disposition. "[B]are equal protection claims are simply too conclusory to permit a proper legal analysis." *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009).

Moreover, Mr. Jackson's allegation that the district court erred by not granting his motion for a court-appointed attorney is without merit. Given the district court's disposition of Mr. Jackson's § 2241 petition, its dismissal of the motion was proper.

### Fed. R. Civ. P. 59(e) Motion to Alter or Amend Judgment

Mr. Jackson also contends that the district court erred when it denied his Rule 59(e) motion, arguing, among other things, that the court "may" have misunderstood

the facts or his arguments.  But the district court denied the motion because Mr. Jackson did not show any of the grounds warranting Rule 59(e) relief:  "an intervening change in the controlling law," new evidence previously unavailable, or "the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  We discern no error in this determination.

After reviewing all of the pertinent materials in case numbers 12-5089 and 12-5100, we conclude that Mr. Jackson has not demonstrated "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S. at 484.  We therefore deny Mr. Jackson's request for a COA and dismiss case numbers 12-5089 and 12-5100.

## CASE NUMBER 12-5110

Having denied a COA in case numbers 12-5089 and 12-5100, we hold that Mr. Jackson's appeal of the district court's denial of his post-judgment motion for bail pending the adjudication of his request for a COA is moot, and we dismiss appeal number 12-5110.[3]

---

[3]    We note that even though case number 12-5110 is an appeal from the district court's denial of bail pending appeal, much of Mr. Jackson's appellate brief is a verbatim restatement of his combined brief and application for a COA filed in case numbers 12-5089 and 12-5100, which we have denied herein.

## CONCLUSION

For the foregoing reasons, Mr. Jackson's request for a COA is denied and case numbers 12-5089 and 12-5100 are dismissed. Case number 12-5110 is dismissed as moot. All outstanding motions are denied.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge