FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 3, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

JOSEPH M. JACKSON,

    Petitioner - Appellant,

v.

JIMMY MARTIN,

    Respondent - Appellee.

No. 21-6002
(D.C. No. 5:20-CV-00826-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Joseph M. Jackson, an Oklahoma state prisoner proceeding pro se,[1] seeks a

certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c)(1) to appeal the

district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C.

§ 2241.  We deny Mr. Jackson's application for a COA and dismiss this matter.

## I.     Background

In 1983, Mr. Jackson was convicted in Oklahoma state court of first-degree

murder and sentenced to life with the possibility of parole.  He was considered for parole

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Jackson is proceeding pro se, so we construe his filings liberally, but do not act as his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

in July 2020.  The Oklahoma Pardon and Parole Board ("Board") reviewed his case at the first step of the two-step process required by Oklahoma law, and voted not to set his case for a second-step parole hearing.  The first step of the review process does not involve a personal appearance by the offender, so Mr. Jackson did not participate.  *See* Okla. Stat. tit. 57, § 332.7(D)(1).  The Board did not explain the bases for its decision, nor was it required to do so under state law.  *See id.*

Mr. Jackson then filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  He asserted several constitutional claims in connection with the Board's denial of parole, including violations of his rights under the Ex Post Facto clause, the due process and equal protection clauses of the Fourteenth Amendment, and the Eighth Amendment.[2] The district court referred the matter to a magistrate judge, who issued a report and recommendation concluding that the petition should be dismissed.  Mr. Jackson filed an objection to the report and recommendation, which the district court overruled.

Judgment entered on November 3, 2020.  Mr. Jackson then filed a "Motion to Alter or Amend for Supplemental Amendment," under Rules 15, 59(e), and 60 of the Federal Rules of Civil Procedure.  A week later, Mr. Jackson filed an "Amended Motion to Alter or Amend for Supplemental Amendment."

The district court denied Mr. Jackson's amended motion as untimely because it was filed on December 8, 2020—one week after the 28-day deadline set by Fed. R. Civ.

---

[2] We note that Mr. Jackson has filed previous § 2241 petitions making similar claims when denied parole in the past.  *See, e.g., Jackson v. Standifird*, 503 F. App'x 623, 625-26 (10th Cir. 2012) (holding petitioner had no liberty interest in parole and therefore had no due process claim, and rejecting equal protection claim).

P. 59(e).  It also denied Mr. Jackson's original motion for leave to amend as untimely to the extent it was based on Rule 15 because a plaintiff may not amend or supplement allegations after judgment is entered.  *See* R. at 210 (citing *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087-88 (10th Cir. 2005)).

The district court found that the original motion for leave to amend was timely to the extent it was based on Rules 59 and 60.  But it held Mr. Jackson's arguments "are second and successive and the Court could consider them only if [Mr. Jackson] first obtains a [COA]."  R. at 211 (citing 28 U.S.C. § 2244).  After Mr. Jackson appealed, this court remanded for the district court to consider whether Mr. Jackson is entitled to a COA.  On January 7, 2021, the district court denied a COA.

## II.     Discussion

"Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence."  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted).  "[A] state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever 'the detention complained of in the petition arises out of process issued by a State court.'"  *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (quoting 28 U.S.C. § 2253(c)(1)(A)) (brackets omitted).

If the petition was disposed of on procedural grounds, "the applicant faces a double hurdle" to obtain a COA.  *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008).  "Not only must the applicant make a substantial showing of the denial

of a constitutional right, but he must also show 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (alteration omitted).

Having reviewed the record on appeal, the district court's orders, and the combined opening brief and application for a COA, we conclude Mr. Jackson is not entitled to a COA.  He first raises two procedural arguments.  He argues the district court erred in denying his original motion for leave to amend his petition.  We find no error in the district court's Rule 15 analysis, and no reasonable jurist would debate the correctness of its ruling.  Mr. Jackson also argues, however, that the district court erred in holding that his Rule 59 and 60 arguments are "second and successive" and therefore could not be considered by the district court absent a COA.  On this point, we agree with Mr. Jackson. The requirement for prior circuit court authorization to file a second or successive petition, set forth in 28 U.S.C. § 2244(b), does not apply to § 2241 petitions.  *Stanko v. Davis*, 617 F.3d 1262, 1269 n.5 (10th Cir. 2010).

But Mr. Jackson must show not only that reasonable jurists could debate the correctness of the district court's procedural ruling; he also must "make a substantial showing of the denial of a constitutional right."  *Coppage*, 534 F.3d at 1281.  This he has failed to do.

First, Mr. Jackson argues that the two-step parole process mandated by Oklahoma law violates the Ex Post Facto clause by increasing the punishment applicable to the crime for which he was convicted.  We have rejected the argument that Oklahoma's parole statute facially increases the likelihood of punishment, *see Henderson v. Scott*,

260 F.3d 1213, 1216 (10th Cir. 2001), and the district court correctly concluded that Mr. Jackson has not shown the statute violates the Ex Post Facto clause as applied to him, *see id.* at 1217.

Second, Oklahoma's parole scheme is discretionary, *Phillips v. Williams*, 608 P.2d 1131, 1134 (Okla. 1980), and therefore Mr. Jackson has no constitutionally protected due process liberty interest in parole. *See Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) (per curiam) (holding the Oklahoma statutory scheme "does no more than create a parole system, which in the Supreme Court's view . . . does not establish a liberty interest"); *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7-8 (1979) (holding there is generally no federal constitutional right to parole). The district court correctly rejected Mr. Jackson's due process claim.

Third, Mr. Jackson contends the Board violated his Eighth Amendment right to be free from cruel and unusual punishment. But we have held that even "a very long" sentence, "the effect of which is to deny a prisoner eligibility for parole until a time beyond his life expectancy, does not violate the Eighth Amendment." *United States v. O'Driscoll*, 761 F.2d 589, 599 (10th Cir. 1985). Mr. Jackson's case falls comfortably within the holding of *O'Driscoll*, and the district court correctly rejected his Eighth Amendment claim.

Finally, Mr. Jackson asserts the Board violated his right to equal protection because other prisoners convicted of first-degree murder have been released on parole. Because he does not claim to be a member of a suspect class, Mr. Jackson must show that "the distinction between himself and other inmates was not reasonably related to some

legitimate penological purpose." *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994). Mr. Jackson has alleged no facts that, if true, would satisfy this standard. We therefore hold the district court correctly rejected this claim as well.

In short, Mr. Jackson has not made a substantial showing of the denial of a constitutional right, so he is not entitled to a COA. *See* 28 U.S.C. § 2253(c)(2). We deny his request for a COA and dismiss this appeal. We grant his request to proceed *in forma pauperis*.

Entered for the Court

Timothy M. Tymkovich
Chief Judge